**Mary STEWART, Plaintiff Below, Appellant,**

**v.**

**STORM'S SHOES, INC., and Genesco, Inc., Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted Feb. 9, 1981.

Decided Feb. 13, 1981.

---

11. *State of North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).

Garry G. Greenstein (argued), of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for plaintiff-appellant.

Robert W. Ralston (argued), of Prickett, Jones, Elliott & Kristol, Wilmington, for defendants-appellees.

Before HERRMANN, C. J. and DUFFY and QUILLEN, JJ.

PER CURIAM:

In a prior appeal in this remittitur case, *Stewart v. Genesco, Inc.*, Del.Supr., 406 A.2d 25, 28 (1979), this Court permitted the plaintiff to apply to the Trial Judge on remand for a decrease in the amount to be remitted and a consequent increase in the amount of recovery.

On remand, the Trial Judge, who had originally found the $135,000 jury verdict rendered on April 3, 1978 "so grossly excessive as to shock the conscience of the Court" and had granted a new trial unless the plaintiff accepted remittitur reducing the award to $50,000 re-evaluated the case after written and oral presentations by counsel. He concluded in a letter opinion on November 7, 1979 "that there should be remittitur reducing plaintiff's recovery to $85,000." Two days later, on November 9, 1979, plaintiff filed a notice of acceptance of remittitur in the following language:

> "By letter Opinion and Order dated November 7, 1979, the Superior Court ordered a remittitur of Plaintiff's recovery to $85,000.00 and gave Plaintiff twenty days to accept the remittitur or a new trial would be ordered.
>
> Plaintiff hereby accepts the remittitur."

On December 20, 1979, the defendants paid the plaintiff $85,000 with interest from November 9, 1979 to December 20, 1979. The plaintiff now claims that she is entitled to interest from the date of the jury verdict, April 3, 1978, until the date she accepted the remittitur, November 9, 1979. At the six per cent rate, which governs this case, there is in excess of $8,000 in issue in this appeal.

The parties have argued the matter largely based on the technical law concerning finality of judgments in a remittitur situation and when interest is payable on a judgment. See Annot., 1 A.L.R.2d 479 (1948); Annot., 4 A.L.R.3d 1221 (1965); Annot., 15 A.L.R.3d 411 (1967). Each side has some merit. Remittitur is not unrelated to the jury's verdict and can be viewed as a reduction of the award. On the other hand, remittitur cannot be binding and a new trial avoided until accepted.

In the absence of controlling law, we view the relationship of interest with remittitur as primarily one of manifestation of intention. In this case, nothing was expressly said about interest from the date of the jury verdict to the date of acceptance, a

period over nineteen months. The key Trial Judge's letter of November 7, 1979, after the remand, spoke in absolute terms of "reducing plaintiff's *recovery* to $85,000" (emphasis added) and the acceptance was in the same terms. There was no reference to a judgment and, unlike the earlier letter, not even a reference to reducing the award. In short, there is no manifestation to suggest that the date of the jury verdict was contemplated as the due date for payment. That verdict date on the facts here was distant from the re-evaluation taking place, not manifested as being within the contemplation of the Court or the parties, and should not be permitted to alter the absolute figure being considered by almost ten per cent. This is especially true since the Trial Judge, in his November 7, 1979 re-evaluation, allowed "for the impact of inflation on precedential decisions".

The Trial Judge, in ruling that the remittitur had no binding effect until accepted and thus carried no interest until such time, demonstrated that interest from the date of the verdict was not within his anticipation. In light of the facts of this case and the particular correspondence, we think his view is the more reasonable one. If the matter was crucial to the plaintiff, concern should have been manifested prior to acceptance of the remittitur.

■ In order to have a legal rule to guide counsel and the courts in future situations, we accept the practical and accurate reasoning of the Trial Judge that remittitur is "merely a device by which a plaintiff can avoid a new trial by acceptance of an amount indicated by the Court. It has no binding effect unless and until accepted by the plaintiff" and "interest will run [from the date of acceptance]" unless the Court expressly states otherwise in indicating the amount.

The judgment of the Superior Court is affirmed.