Eve Ann **MILLS**, an infant, by Preston A. Mills, her next friend, and Preston A. Mills in his own right as father of the infant, Eve Ann Mills, Plaintiff below, Appellant,

v.

Michael E. **TELENCZAK**, Defendant below, Appellee.

Supreme Court of Delaware.

Argued June 18, 1975.

Decided Sept. 17, 1975.

Carl Schnee and David E. Brand, of Schnee & Castle, Wilmington, for plaintiff below, appellant.

Howard M. Berg, of Berg, Komissaroff & Sawyer, P. A., Wilmington, for defendant below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

DUFFY, Justice:

In this action for personal injuries plaintiff appeals from a Superior Court verdict of $4,000 in her favor on the ground that it is not adequate.

I

While plaintiff, age 16, was standing off the roadway, she was struck by an automobile driven by defendant. The car was estimated to be traveling at approximately 40 miles per hour just prior to impact. There was no negligence of any kind on plaintiff's part.

There is little, if any, dispute over the extent of plaintiff's injuries or the very serious and complex nature thereof. She was knocked unconscious by the impact and taken by ambulance to a hospital where the examining doctor found that she had a severe laceration over the left eyebrow, a compound (or open) fracture of the right leg with the thigh bone extruding, fractures of both bones of the left ankle, a fracture of the upper tibia of the left leg, and numerous abrasions, bruises and contusions.

Initial medical treatment included an intravenous and a blood transfusion. The bone below the knee of plaintiff's right leg was drilled, a steel pin was inserted and the leg was placed in skeletal traction. The broken bones of plaintiff's left leg were set and a full leg cast was applied. The examining doctor had decided not to operate on the left leg because of numerous abrasions and the danger which might follow from prolonged anesthesia.

Four days after the operation plaintiff developed serious respiratory problems requiring a tracheostomy and the placing of a tube, connected to an anesthesia respirator, into the trachea. Because of the possibility of a ruptured bronchus, plaintiff was bronchoscoped, a procedure which involved inserting a steel tube through her mouth and larynx to examine the lungs. It is clear from the record that during this period plaintiff was in "critical" condition.

The tracheostomy tube remained in place for nine days. During a period of some three months one or both of plaintiff's legs were in traction and/or in a body cast. Beyond doubt, she was effectively immobilized during that period which was followed by a convalescence requiring both crutches and physical therapy.

Plaintiff's permanent injuries include the loss of approximately 10 degrees of motion in the left ankle and a malunion of the left tibia with bowing and instability of the left

knee joint. The malunion may require re-breaking of her leg. Plaintiff cannot participate in strenuous athletics.

## II

A jury verdict is presumed to be correct and just, but when it is clear that the award is so grossly out of proportion to the injuries suffered as to shock the Court's conscience and sense of justice, it will be set aside. *Storey v. Castner,* Del. Super., 314 A.2d 187 (1973). Most of the reported cases consider verdicts alleged to be excessively high but the same rule of law applies to those which are excessively low. *DiGioia v. Schetrompf,* Del.Super., 251 A.2d 569 (1969).

In the case at bar there is no need to discuss the evidence in detail. The unadorned cataloguing of plaintiff's history which is outlined above shows, in our view, that the verdict simply bears no relationship to the damages proved. A $4,000 award is in no way adequate to compensate for the injuries and the disabilities which plaintiff sustained and we can only conclude that the jury, for some unknown reason, did not understand the nature of her claim and the damages to which she was entitled as a matter of law.

Plaintiff apparently was a stoic young lady who complained but little throughout her long period of treatment and convalescence. Defendant's argument, as we understand it, seeks to capitalize on her failure to complain by arguing that in the absence of lamentations she is not entitled to damages for pain and suffering. Thus, in his brief defendant states that nowhere in the record is there "testimony about tears, pain, depression or any of the behavior which would be a basis for a jury's award." That argument requires only brief consideration here.

The primary object of a damage award is just compensation for the loss or the injury, 2 Harper and James, *The Law of Torts* § 25.1, but the law is endowed with the limitations of its creators and thus cannot replace in kind all that was lost or strike all that is remembered. It can only measure the loss or the injury on a monetary scale but, within that standard, its goal is just compensation. *Harper and James,* supra. And when a tort is the basis for the claim, compensation generally means putting plaintiff in the same financial position as he was before the injury. 22 *Am.Jur.2d* Damages § 12.

Pain and suffering are principal and common elements of damages for which recovery is allowed in any action for personal injuries. *Am.Jur.2d,* supra, § 105; 25 *C.J.S.* Damages § 62; *Harper and James,* supra; *McCormick on Damages* § 88. While it is sometimes said such recovery is limited to pain and suffering experienced while in a "conscious state," cf. *Harper and James,* supra, *McCormick,* supra, *C.J.S.,* supra, it certainly does not follow that a plaintiff is unable to recover damages for an operation or confinement to bed or other limitations on activity which are proximately caused by another's tort. The wrongdoer is liable for the natural and probable consequences of his wrongful act, *C.J.S.,* supra, § 23, cf. *White v. Metropolitan Merchandise Mart,* Del.Super., 107 A.2d 892 (1954), and even without pain or suffering denominated as such, an operation or confinement proximately caused by a tort is compensable as "bodily harm." *Restatement of the Law Torts* §§ 905, 924.

Here, plaintiff's claim for damages is not limited by any failure on her part to complain of pain.

\*     \*     \*     \*     \*     \*

Given the undisputed facts as to the severity of plaintiff's injuries and her long period of immobility, it is sufficient to state that we are indeed shocked by the amount of the verdict which must, in justice, be set aside.

Reversed and remanded for new trial as to issue of damages only.