

Opinions of the United
States Court of Appeals
for the Third Circuit

2009 Decisions

4-8-2009

# Cathy Brooks-McCollu v. State Farm Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cathy Brooks-McCollu v. State Farm Ins Co" (2009). *2009 Decisions.* Paper 1564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2716
_____

CATHY D. BROOKS-MCCOLLUM,
                                        Appellant

v.

STATE FARM INSURANCE COMPANY
_____

Appeal From the United States District Court
For the District of Delaware
(D.C. Civil No. 04-cv-00419)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2009

Before:RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed April 08, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

      Cathy D. Brooks-McCollum appeals pro se from the District Court's order

granting State Farm Insurance Company's motion for summary judgment and denying her

own.  For the following reasons, we will vacate and remand for further proceedings.

Brooks-McCollum was, and claims still to be, a Director of the Board of Emerald Ridge Services Corporation, a company that provides maintenance services for a Delaware real estate development called Emerald Ridge. This lawsuit is the latest of at least six state and federal suits that she has filed following a dispute with other members of the Board, which apparently began when the Board refused to reimburse her $185.00 that she had paid out of her own pocket for power washing expenses.

Following that incident, Brooks-McCollum resigned from the Board but later purported to "rescind" her resignation. She also filed a lawsuit in Delaware state court, contending that she was the sole properly-elected member of the Board and seeking, inter alia, a determination of the proper membership of the Board, reimbursement of the $185.00 she had paid, and "indemnification" from the Board for her legal expenses. The status of that litigation is unclear from the record but, while it remained pending, Brooks-McCollum filed a complaint in the District Court against Emerald Ridge, its Board and individual Board members, seeking essentially the same relief. The District Court dismissed that complaint for lack of subject matter jurisdiction, and we affirmed, explaining why Brooks-McCollum's allegations did not state a colorable federal claim. See Brooks-McCollum, 166 Fed. Appx. 618, 619-20 (3d Cir. 2006).

In the meantime, Brooks-McCollum had filed the complaint at issue here. This complaint names as the sole defendant State Farm, which issued a business liability

insurance policy to Emerald Ridge and tendered thereunder a defense to Emerald Ridge and the individual Board members in the state court litigation. Brooks-McCollum alleges that State Farm is (1) obligated under the policy to pay her legal fees as well and (2) liable as a "joint tortfeasor" for "encouraging and aiding and funding" various allegedly-illegal actions by the Board members, including the vandalism of her vehicle.

By order entered May 13, 2008, the District Court granted State Farm's motion for summary judgment after concluding that State Farm was entitled to judgment as a matter of Delaware state law on both claims. In particular, the District Court determined that the State Farm policy provides indemnification only for liability imposed on Emerald Ridge and its Board, and provides no benefits to an insured against whom no action has been brought. The District Court also concluded that Brooks-McCollum presented no evidence of State Farm's involvement in the vandalism of her vehicle or any other illegal action. Brooks-McCollum appeals, and we have jurisdiction under 28 U.S.C. § 1291.[1]

## II.

Ordinarily, we would exercise plenary review over the District Court's ruling on the parties' motions for summary judgment. See Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009). This case, however, raises a threshold issue regarding the

---

[1] Brooks-McCollum purported to bring her suit, and purports to appeal, both individually and on behalf of Emerald Ridge. Brooks-McCollum, however, may not represent Emerald Ridge pro se. See Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966).

District Court's jurisdiction, which we are obligated to address <u>sua sponte</u>. <u>See</u>

<u>Employers Ins. of Wausau v. Crown Cork & Seal Co.</u>, 905 F.2d 42, 45 (3d Cir. 1990).

("'[E]very federal appellate court has a special obligation to satisfy itself not only of its

own jurisdiction, but also that of the lower courts in a cause under review.'") (citation

omitted).  The District Court did not explain the basis for its exercise of jurisdiction, and

the record does not allow us to determine whether jurisdiction was present.  Accordingly,

we must vacate and remand.  <u>See</u> <u>id.</u> at 47.

In her complaint, Brooks-McCollum alleged that the District Court had federal

question jurisdiction under a variety of federal statutes.  The District Court, however, did

not discern any federal claim in Brooks-McCollum's complaint, and neither do we.[2]

Instead, it properly discerned and addressed only the two state-law claims against State

Farm identified above.  Because Brooks-McCollum properly asserted only those state-law

claims, the only potential basis for jurisdiction in the District Court was diversity of

citizenship under 28 U.S.C. § 1332(a).  Brooks-McCollum alleged diversity jurisdiction

in her complaint, but she alleged neither State Farm's citizenship nor her own.  In its

answer, State Farm denied that the District Court had jurisdiction and pleaded lack of

_____

[2]Despite her citation of various federal criminal and other statutes, Brooks-McCollum
makes no colorable allegation that State Farm has violated any federal law.  Nor does she
make any colorable allegation that State Farm is a state actor.  Instead, as we explained in
her previous appeal, she asserts only "quintessential state law causes of action," and
"[h]er citation of various constitutional and federal statutory provisions does not
transform these state law claims into causes of action 'arising under' the Constitution or
federal law."  <u>Brooks-McCollum</u>, 166 Fed. Appx. at 619.

4

jurisdiction as an affirmative defense, though it too neglected to plead either party's citizenship. The District Court did not determine the parties' citizenship or otherwise address whether it had diversity jurisdiction. Nor did the parties raise any issue of jurisdiction on appeal (State Farm asserted merely that "[i]t is believed that Plaintiff contends" that the District Court had federal question jurisdiction).

Nevertheless, in light of our obligation to inquire into the District Court's jurisdiction sua sponte, we directed the parties to file supplemental briefs on this issue, which they have now done. Brooks-McCollum argues that the District Court had diversity jurisdiction because State Farm "resides" in and issued the insurance policy out of Maryland and has its home office in Illinois. She does not allege her own citizenship, which is unclear (certain of her filings bear both a Maryland address and different Delaware addresses), but her citizenship "at the time the complaint was filed" controls. Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). State Farm argues that the District Court did not have diversity jurisdiction. It makes no representation regarding its citizenship, but it argues that there is no diversity because its citizenship is deemed the same as Brooks-McCollum's for purposes of this type of suit under 28 U.S.C. § 1332(c)(1).[3]

---

[3] State Farm also argues that Brooks-McCollum has not alleged that the amount in controversy exceeds $75,000, but it cannot be said to a "legal certainty" from her complaint that she seeks less than that amount. Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999).

That provision, however, does not apply to this type of suit. The provision reads in relevant part: "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as" the insurer's place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). State Farm argues that this provision applies because Brooks-McCollum brought her action directly against it without naming the "insured" (i.e., Emerald Ridge and its covered directors) as defendants. Leaving aside the issue of whether Brooks-McCollum herself or the allegedly "illegitimate" membership of Emerald Ridge are properly considered the "insured" under this policy, which the District Court did not decide, this action is not the kind of "direct action" contemplated by the statute.

"[A] 'direct action,' as that term is used in § 1332(c), does not exist 'unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured,'" and it does not include suits by an insured against his or her own insurer. McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989) (citation omitted). See also Rosa v. Allstate Ins. Co., 981 F.2d 669, 674-75 (2d Cir. 1992) (explaining rationale underlying this provision). In this case, Brooks-McCollum seeks damages for State Farm's own alleged liability to her, not for any liability that could be imposed against Emerald Ridge or its directors. Thus, this provision does not apply, and State Farm's citizenship for diversity purposes turns

6

instead on its state of incorporation and principal place of business. See 28 U.S.C. § 1332(c)(1). The pleadings contain no allegation in that regard, and there is nothing in the record before us that would allow us to determine State Farm's citizenship even if we were inclined to address that issue in the first instance. See Mennen Co. v. Atlantic Mut. Ins. Co., 147 F.3d 287, 293-94 (3d Cir. 1998) ("subject matter jurisdiction depends upon facts of record"); Employers Ins. of Wausau, 905 F.2d at 47 & n.5 (remanding where record insufficient to determine, inter alia, citizenship of parties for diversity purposes).

Accordingly, because we cannot determine from the record whether the District Court had subject matter jurisdiction over this dispute, we are constrained to vacate its order entering summary judgment in favor of State Farm and remand for the District Court to determine whether it has diversity jurisdiction and to conduct such proceedings as may be necessary in that regard. In light of this disposition, we do not reach the merits of the District Court's ruling. We note, however, that we have no reason to believe that plenary review of that ruling would lead us to a different conclusion. Brooks-McCollum's "motion to review lower court[']s order on legal fees and court costs" and motion to strike State Farm's supplemental appendix are denied.

7