NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4362

———————

CATHY D. BROOKS-McCOLLUM
& On behalf of Emerald Ridge Service
Corporation Derivative Action as a Director

v.

STATE FARM INSURANCE COMPANY

Cathy D. Brooks-McCollum,
                                        Appellant

———————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-04-cv-00419)
District Judge: Honorable Joseph J. Farnan, Jr.

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2010

Before:  SCIRICIA, Chief Judge, JORDAN and GREENBERG, Circuit Judges.

(Filed: April 20, 2010)

———————

OPINION OF THE COURT

———————

PER CURIAM.

Appellant Cathy D. Brooks-McCollum appeals pro se from the District Court's order finding diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and granting summary judgment in favor of State Farm Insurance Company. We will affirm.

I.

In 2004, Brooks-McCollum filed a pro se complaint against appellee State Farm Insurance Company ("State Farm").[1] The complaint alleged that State Farm breached its obligation to indemnify her as a member of the board of directors of Emerald Ridge Service Corporation, a corporation which State Farm insured. She also asserted an individual tort claim against State Farm, and sought compensation for failure to indemnify, attorney's fees, pain and suffering, and lost wages.

The District Court granted summary judgment in favor of State Farm, and Brooks-McCollum appealed. Because we were unable to determine from the record whether subject matter jurisdiction was present under 28 U.S.C. § 1332, we vacated the District Court's order granting summary judgment and remanded the matter for the District Court to determine whether it had jurisdiction. See Brooks-McCollum v. State Farm Ins. Co., No. 08-2716 (order entered on April 8, 2009).

On remand, the District Court ordered supplemental briefing on the parties' jurisdiction. State Farm submitted an affidavit from its assistant secretary-treasurer affirming that State Farm Fire and Casualty Company is incorporated in Illinois and its

---

[1] State Farm Fire and Casualty Company was improperly named in the complaint as State Farm Insurance Company.

2

principal place of business is also Illinois, although it does do business in Delaware. Brooks-McCollum submitted an affidavit indicating that at the time she filed her complaint, she was a citizen of Delaware. Based on the supplemented record, the District Court found that there was diversity of citizenship between the parties, and reissued its order granting summary judgment in favor of State Farm. Brooks-McCollum appealed. In her brief, she asserts only that the District Court erred in its determination of jurisdiction and now argues – contrary to the position she previously argued to the District Court – that no diversity of citizenship exists in this case.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a District Court's determination of its jurisdiction de novo. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 197 (3d Cir. 2007). To the extent that a District Court makes factual findings in determining jurisdiction, we review for clear error. Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998). We will not disturb the factual findings of the District Court unless we are "left with the definite and firm conviction that a mistake has been committed" in the District Court's fact-finding. Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008) (citation omitted).

## III.

Brooks-McCollum filed her lawsuit without asserting a basis for federal jurisdiction.[2] Inasmuch as the complaint alleged that private actors violated state laws, the only possible basis for subject matter jurisdiction in federal court would be diversity jurisdiction. Diversity jurisdiction requires that the controversy be between citizens of different states, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). Whether diversity jurisdiction exists is determined by examining "the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989); Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003).

For diversity purposes, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." Grand Union Supermarkets, 316 F.3d at 410 (quoting 28 U.S.C. § 1332(c)). Although a company may conduct business in multiple places, the "principal place of business" is its "nerve center": "the place where a corporation's officers direct, control, and coordinate the corporation's activities." See Hertz Corp. v. Friend, No. 08-1107, 2010 WL 605601, at *11, (U.S. Feb. 23, 2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). Brooks-McCollum alleges that there is no diversity of citizenship between

---

[2] As we noted in our prior opinion, Brooks-McCollum makes no colorable allegation that State Farm is a state actor, or that State Farm violated any federal law. Her "citation of various constitutional and federal statutory provisions does not transform [her] state law claims into causes of action 'arising under' the Constitution or federal law." Brooks-McCollum v. State Farm Ins. Co., 321 F. App'x 205, 207 n.2 (3d Cir. 2009) (not precedential).

4

the parties because at the time the complaint was filed, she was a citizen of Delaware and State Farm was incorporated in Delaware. Even if not incorporated in Delaware, Brooks-McCollum argues that Delaware law only requires that a corporation do business there to be subjected to proceedings in the State.

State Farm averred by sworn affidavit that it is incorporated in Illinois, and has its principal place of business in Illinois.[3] Although State Farm concedes that it does business in Delaware, there is no indication that Delaware is where State Farm conducts its corporate affairs. Brooks-McCollum has submitted no evidence to the contrary.[4] The District Court is permitted to rely on State Farm's affidavit, and we find no clear error in the District Court's fact-finding. See Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434 (3d Cir. 1986) (establishing corporate citizenship via affidavit). Because Brooks-McCollum was a citizen of Delaware at the time the complaint was filed, and State Farm was a citizen of Illinois, the District Court correctly concluded that the parties are diverse as to citizenship.

---

[3] At least one document submitted to the District Court by Brooks-McCollum appears to confirm this. The Appendix to Brooks-McCollum's brief in support of her motion for summary judgment contains as an excerpt from State Farm's insurance policy indicating that State Farm Fire and Casualty Company is a "stock company with home offices in Bloomington, Illinois." (1:04-cv-00419 Doc. No. 19 p.17.)

[4] Brooks-McCollum submits with her reply brief a document from the Delaware Department of State website indicating that State Farm of Newark Delaware, Inc., has its corporate residence in Delaware. However, there is no evidence as to how State Farm of Newark Delaware, Inc., may be affiliated with the Appellee, nor is there any evidence that State Farm of Newark Delaware, Inc., issued the insurance policy at issue in this litigation.

5

In determining whether the amount in controversy reaches the threshold of $75,000.00, the court generally accepts the plaintiff's good faith allegations. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). A case may be dismissed for failure to meet the amount in controversy requirement only if it appears to a "legal certainty" that the claim is for less than the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999). Brooks-McCollum contends that State Farm's offer of settlement for $15,000 is an admission on behalf of State Farm that the amount in controversy is less than the required $75,000. In evaluating the amount in controversy requirement, a court must examine "the facts as they exist when the complaint is filed." Newman-Green, 490 U.S. at 830. A settlement offer is a subsequent event between the parties that has no relevance to the amount in controversy at the time the complaint was filed. Additionally, "the inability of a plaintiff to recover an amount adequate to give the court jurisdiction does not . . . oust the jurisdiction." St. Paul Mercury, 303 U.S. at 289. The District Court considered Brooks-McCollum's claims seeking compensation for failure to indemnify, attorney's fees, pain and suffering, and lost wages, and correctly determined that these forms of relief were recoverable under Delaware state law. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-53 (1961) (holding that in diversity cases, the court looks to state law to determine the nature and extent of the right to be enforced); see also Dell Donne & Assocs., LLP v. Millar Elevator Serv. Co., 840 A.2d 1244, 1255 (Del. 2004) (holding that attorneys' fees incurred as a result of defending

6

claims that are the subject of the duty to indemnify are recoverable); <u>Mills v. Telenczak</u>, 345 A.2d 424, 426 (Del. 1975) (holding that pain and suffering damages are permitted in personal injury claims). Thus, the District Court did not err in concluding that it could not be said to a "legal certainty" that the amount in controversy did not meet the jurisdictional amount. We find no clear error in the District Court's determination in this case that the requirements for subject matter jurisdiction had been met.

State Farm contends that because Brooks-McCollum did not argue in her brief that the District Court erred in granting summary judgment, she has waived the right to appeal that decision. We agree. <u>See</u> <u>United States v. Pelullo</u>, 399 F.3d 197, 222 (3d Cir. 2005). Nevertheless, because Brooks-McCollum is proceeding pro se, we have reviewed the District Court's decision granting summary judgment. We are satisfied that summary judgment was appropriate for the reasons given by the District Court. Accordingly, the order of the District Court finding that it had jurisdiction pursuant to 28 U.S.C. § 1332(a), and granting summary judgment in favor of State Farm will be affirmed. Brooks-McCollum's motion for leave to file a supplemental appendix is denied.[5]

---

[5] Brooks-McCollum claims that State Farm has raised new issues regarding jurisdiction, and therefore she requests leave to file additional documents which she believes are relevant to the Court's review of this issue. Because we find that the District Court relied on sufficient evidence in determining jurisdiction and find no clear error in the District Court's fact-finding, we deny Brooks-McCollum's motion.