GEORGE PARKER, Plaintiff Below, Appellant,
v.
NANCY M. PARKER, Defendant Below, Appellee.
No. 573, 2009.
Supreme Court of Delaware.
Submitted: April 7, 2010.
Decided: April 30, 2010.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 30th day of April, 2010, it appears to the Court that:
1) The plaintiff-appellant, George Parker ("Parker"), appeals from a Superior Court decision denying his Motion for a New Trial and/or Additur. Parker claims that the $3,250 jury award was grossly inadequate compensation for his shoulder injury resulting from a car accident.
2) In October 2002, Parker was a front seat passenger in a vehicle driven by his mother, Nancy Parker ("Nancy"), when they collided with another vehicle. Parker complained of pain on the day of the accident, but he did not seek treatment until a few months later. At that time, Dr. Peter Bandera ("Dr. Bandera") prescribed physical therapy and medication. When the pain in Parker's left shoulder persisted, he consulted with Dr. Lewis Sharps ("Dr. Sharps") who performed arthroscopic surgery. That outpatient procedure was considered a success and resolved most of Parker's symptoms.[1]
3) Parker was cleared to return to work as early as September 2004, but did not do so until December 2005, and then only on a part-time basis. He finally resumed his regular schedule in March 2006. Later that year, Parker re-injured his left shoulder at work and returned to Dr. Bandera and Dr. Sharps for treatment.[2] But, Parker disregarded their recommendations to attend physical therapy.
4) Corey Brown, the other driver in the initial accident, was a defendant in the action until his dismissal by stipulation. Because Nancy admitted liability, the only issue for the jury was the amount of damages.[3] The jury awarded $3,250, which net of unpaid medical bills resulted in a $2,650 compensatory award.[4] Parker filed a Motion for a New Trial and/or Additur, which the Superior Court denied. This appeal followed.
5) A trial court's denial of a Motion for a New Trial and/or Additur is reviewed for abuse of discretion.[5] Generally, a jury award is given "enormous deference," and will be set aside "only in the unusual case where it is `clear that the award is so grossly out of proportion to the injuries suffered as to shock the Court's conscience and sense of justice.'"[6] But as long as the jury's award is within the reasonable range supported by the evidence, it should not be disturbed.[7]
6) Parker compares his $2,650 jury award to the awards in other cases where Delaware courts, under the doctrine of additur, increased a jury award from zero to $2,500.[8] Parker focuses on the trial court's language in Hall v. Dorsey[9] stating that the $2,500 in additur was the absolute minimum justified by the evidence. By comparison, he argues, because his treatment took longer, involved surgery, left him disabled from work for two years, and because monetary values increase over time, his jury award is inadequate.[10]
7) Parker's reliance on these cases is misplaced, because they do not stand for the proposition that the "absolute minimum" for any injury is $2,500. Rather, the additur rule is that the award is increased to the absolute minimum amount required by the record of that case.[11] Because the injuries in those cases are factually distinct from Parker's injuries, Parker's award amount is not contrary to any prior Delaware precedent.[12]
8) Moreover, a review of the record does not show that Parker's award is so outside the range of reasonableness as to shock the court's conscience. Parker reported a soft tissue injury.[13] His surgery was an outpatient procedure involving a quarter-inch incision.[14] He intentionally did not look for any type of work after the accident, and he did not return to work as soon as he was cleared. Finally, it does not appear from the record that any permanent damage occurred.[15]
9) The record supports the Superior Court's conclusion that there was no basis to either grant a new trial or alter the jury's award of damages by additur.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is affirmed.
NOTES
[1] At the follow-up exam in March 2004, Dr. Sharps noted that Parker was "doing very well" and had regained the full range of motion in his shoulder. Dr. Archer, Nancy's medical expert, testified that any residual pain could be treated with over-the-counter medications.
[2] Dr. Bandera did not relate the new injury to the 2002 accident.
[3] The case went to trial after Parker rejected Nancy's settlement offer of $30,000.
[4] Insurance covered Parker's lost wages and all but $600 in medical bills.
[5] Wilhelm v. Ryan, 903 A.2d 745, 753 (Del. 2006).
[6] Young v. Frase, 702 A.2d 1234, 1236-37 (Del. 1997) (quoting Mills v. Telenczak, 345 A.2d 424, 426 (Del. 1975)).
[7] Id. at 1237.
[8] See Reid v. Hindt, 976 A.2d 125, 131 (Del. 2009) (affirming additur award of $2,500 for neck pain from a car crash); Petrova v. Stephenson, 2002 WL 31818518, at *2 (Del. Super. Nov. 26, 2002) (awarding additur of $2,500 for neck and ankle pain resulting from car accident, not requiring surgery); Hall v. Dorsey, 1998 WL 960774, at *7 (Del. Super. Nov. 5, 1998) (awarding $2,500 additur).
[9] Hall v. Dorsey, 1998 WL 960774 (Del. Super. Nov. 5, 1998).
[10] See Reid v. Hindt, (976 A.2d at 131) (awarding $2,500 for neck pain lasting only a few weeks); Petrova v. Stephenson, 2002 WL 31818518, at *2 (awarding $2,500 for neck pain not requiring surgery) Hall v. Dorsey, 1998 WL 960774, at *7 (awarding $2,500 for neck pain from a car crash).
[11] Murphy v. Thomas, 2002 WL 1316242, at *1 (Del. June 13, 2002).
[12] Hall, Reid, and Petrova involve whip lash to the neck whereas Parker suffered a shoulder injury.
[13] Cf. Anderson v. Silicki, 2007 WL 1345449, at *1 (Del. May 8, 2007) (affirming a $100 jury award where the doctor's diagnosis was based on the plaintiff's subjective reporting of his symptoms and the only objective evidence of injury was a single instance of a muscle spasm).
[14] Cf. Carney v. Preston, 683 A.2d 47, 57 (Del. Super. 1996) (awarding additur of $49,000 to a young girl requiring plastic surgery involving 100 to 150 stitches).
[15] Id. (awarding plaintiff who suffered permanent tooth damage, permanent nerve damage, and scaring on the face); Gingras v. Norton, 1999 WL 743951, at *1 (Del. Super. July 16, 1999) (awarding additur of $21,250 where plaintiff suffered permanent impairment of both the cervical and lumbar regions).