**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4744
_____

CATHY D. BROOKS-McCOLLUM,

Appellant

v.

EMERALD RIDGE SERVICE CORPORATION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 12-cv-00998)
District Judge: Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2014

Before: RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed: April 10, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Cathy Brooks-McCollum appeals from an order of the District Court

dismissing her amended complaint. For the reasons that follow, we will affirm.

Brooks-McCollum filed a pro se civil action in August, 2012 against Emerald

Ridge Service Corporation in the United States District Court for the District of

Delaware, alleging that the Corporation breached a contract to reimburse her for an

expense incurred while serving as a member of its Board of Directors in 2003, and

breached an agreement to indemnify her for considerable costs expended to pursue this claim in court over the last 10 years. Brooks-McCollum also alleged that Emerald Ridge committed various torts against her. Emerald Ridge filed a motion to dismiss her amended complaint, Fed. R. Civ. Pro. 12(b)(6), arguing that the claims were precluded by the doctrine of res judicata or time-barred. In response, Brooks-McCollum sought leave to file a second amended complaint, in order to add a defendant, State Farm Insurance, and a claim that State Farm failed to honor her indemnification claim. Brooks-McCollum also moved for sanctions and summary judgment.

In an order entered on November 20, 2013, the District Court granted Emerald Ridge's motion and dismissed the amended complaint. The court denied Brooks-McCollum's motion for leave to file a second amended complaint and denied her motions for sanctions and summary judgment. The District Court noted first in the margin the numerous lawsuits that Brooks-McCollum has filed both in state and federal court concerning this same dispute. Nevertheless, the District Court also noted Brooks-McCollum's assertion in her amended complaint that the instant action was different from her prior suits because she was now asserting a claim against the Corporation itself rather than its Board of Directors. The District Court then determined that Brooks-McCollum could not prevail on her claims against the Corporation; the doctrine of res judicata applied because of a prior judgment on the merits and because the Board and the Corporation were the same parties or were privies. If the Corporation was not the same party, then the claims against it were barred by Delaware's 3-year statute of limitation because they arose no later than 2004. To the extent that Brooks-McCollum was seeking indemnification under the Corporation's bylaws, her claim was premature because she

2

did not allege that any liability determination had been made that would give rise to a claim for indemnification, and, in any event, the state supreme court had held that she now lacks standing to pursue indemnification for the events here in dispute. The District Court then denied Brooks-McCollum leave to amend to add State Farm, the Corporation's liability insurer, as a defendant, because she failed to include a draft second amended complaint with her motion, and because it appeared that her claims against State Farm also were barred by the doctrine of res judicata.

Brooks-McCollum appeals. We have jurisdiction under 28 U.S.C. § 1291. In addition to submitting a brief, Brooks-McCollum also has filed an item titled "Motion for Summary Judgment," in which she appears to seek summary reversal and direction of a judgment in her favor against State Farm for indemnification in the amount of $1,139, 628.76 (her litigation costs over the last 10 years).

We will affirm. We exercise plenary review over res judicata, or claim preclusion, dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). Res judicata, also known as claim preclusion, applies when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The doctrine is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes," and seeks to avoid "the expense and vexation" of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action "by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). The

3

doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." In re: Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

Emerald Ridge maintained a real estate development and Brooks-McCollum was a member of its Board of Directors and a homeowner in the development. Brooks-McCollum apparently was asked by another member of the Board to powerwash some monuments. The work was done and she paid $185.00 for the service. The Board then refused to reimburse her.

In 2004, Brooks-McCollum filed what purported to be a derivative action on behalf of the Corporation against the Board in the Delaware Court of Chancery, in effect, seeking to recover the $185.00. She also raised a claim for advancement of legal fees and indemnification, and she alleged that the Board committed various torts against her. The Board filed a motion for judgment on the pleadings, and, on January 31, 2011, the Chancery Court granted the motion. The court dismissed without prejudice Brooks-McCollum's claim for reimbursement of the $185.00 because the Board agreed to pay her this amount if she produced the bill and her cancelled check.[1] Brooks-McCollum appealed the Chancery Court's decision to the state supreme court, which held that, when she sold the property she owned in the development on October 5, 2005, she lost standing to pursue a derivative action on behalf of Emerald Ridge and thus she could not pursue her claim for indemnification. Brooks-McCollum v. Emerald Ridge Bd. of Directors, 2011 WL 4609900, at *2 (Del. October 5, 2011) ("[T]he Court of Chancery correctly determined that all the derivative claims purportedly made by Brooks-McCollum on

---

[1] Brooks-McCollum was advised that she could reopen this aspect of the court's order if she did not get reimbursed. According to the Emerald Ridge, Brooks-McCollum never sought to reopen the order. See Appellee's Brief, at 6.

4

behalf of the Service Corporation during the course of this litigation must be dismissed, including her claims of impropriety on the part of the Board and her claims of entitlement to counsel and to indemnification in connection with bringing those claims."). The state supreme court also affirmed the Chancery Court's disposition of Brooks-McCollum's non-derivative claims, stating in pertinent part, that "the record reflects that Brooks-McCollum never presented documentation to the Board supporting her demand for reimbursement of expenses, rendering that claim insufficient." Id. at *3.

As explained by the District Court, the instant action is thus barred by the doctrine of res judicata. There has been a final judgment on the merits in a prior lawsuit involving the same cause of action, and, for res judicata purposes, the Board and the Corporation are the same parties or privies. See Restatement (Second) of Judgments § 59, comment b ("[T]he general proposition that a judgment for or against a corporation does not determine the rights or obligations of its stockholders, members, directors, or officers, yields to rules of preclusion emanating from [those] relationships."). Even if the Corporation is not the same party or privy, the instant action was not filed until August, 2012 and was thus untimely by many years. 10 Del. Code. Ann. § 8106(a) (breach of contract action subject to 3-year limitation). See also Isaacson, Stolper & Co. v. Artisan's Sav. Bank, 330 A.2d 130, 132 (Del. 1974) (cause of action accrues at time of wrongful act). Accordingly, the District Court properly dismissed Brooks- McCollum's amended complaint for failure to state a claim against the Corporation upon which relief can be granted, Fed. R. Civ. Pro. 12(b)(6).

Brooks-McCollum contends on appeal that her claim for indemnification, which at this point exceeds $1 million, cannot be barred by the doctrine of res judicata if it can

only be determined after the conclusion of proceedings, and that State Farm should have been added as a defendant below because her claims against it are not barred by the doctrine of res judicata.  See Appellant's Brief, at 3.  Moreover, the instant action was brought within 3 years of the conclusion, in 2011, of all proceedings.  See id. at 4.

We reject these arguments as meritless.  While the 2004 Chancery action against the Board was pending, Brooks-McCollum sued State Farm Insurance, Emerald Ridge's liability insurer, in federal district court, alleging breach of contract for indemnification. State Farm moved for summary judgment, and the District Judge assigned to the case granted the motion, holding that, under the insurance policy, State Farm had no duty to indemnify Brooks-McCollum because Emerald Ridge's director and officer liability policy did not provide coverage to an insured who *files* a civil action.  See Brooks-McCollum v. State Farm Insurance Co., 2009 WL 3787635 (D. Del. November 10, 2009) (director and officer liability policy covers those who are defendants in a cause of action). The District Judge observed that Brooks-McCollum appeared to have confused corporate indemnification under the Corporation's bylaws and state corporate law, see 8 Del. Code. Ann. § 145,[2] with indemnification in the context of an insurance policy.  See id. at *3. We affirmed the order granting summary judgment to State Farm.  See McCollum v. State Farm Insurance Co., 376 F. App'x 217 (3d Cir. 2010.)

---

[2] See also Hibbert v. Hollywood Park, Inc., 457 A.2d 339, 344 (Del. 1983) (interpreting section 145 as permitting statutory indemnification of expenses incurred by directors who initiated a lawsuit in their own names, against other directors, where the suit was brought to fulfill their fiduciary obligations to the corporation); Shearin v. E. F. Hutton Group, 652 A.2d 578, 595 (Del. Ch. Ct. 1994) (holding that permissible claims for indemnification or advancement will include those deriving from lawsuits brought by directors, officers, insofar as the suit was brought as part of the indemnitee's duties to the corporation and its shareholders).

In the instant action, the District Court properly denied leave to add State Farm as a defendant. Under Federal Rule of Civil Procedure 15(a), a plaintiff generally may amend a complaint once. Fed. R. Civ. Pro. 15(a)(1). A second amendment requires the opposing parties' written consent or leave of court. Fed. R. Civ. Pro. 15(a)(2). The court should freely give leave "when justice so requires," id., but the court has discretion to deny leave when the amendment would be futile, Grayson v. Mayview State Hospital, 293 F.3d 103, 113-14 (3d Cir. 2002). We review the District Court's determination to deny leave to amend for an abuse of discretion. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). Here, the District Court denied leave to amend because Brooks-McCollum failed to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion. Failure to supply a draft amended complaint is an adequate basis for denying leave to amend. See id. at 374. In any event, the proposed amendment would have been futile. The issue of whether McCollum can recover from State Farm has been conclusively resolved in federal court, see Brooks-McCollum, 2009 WL 3787635 (Emerald Ridge's director and officer liability policy covered only sums defendant insured was legally obligated to pay as damages but did not provide coverage to insured who initiated civil action). Res judicata bars relitigation of this claim in the instant action. Accordingly, adding State Farm as a defendant here would have been futile.

Brooks-McCollum does not challenge any of the District Court's other determinations, nor does she challenge the court's order denying her motions for summary judgment and sanctions. These issues are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

7

For the foregoing reasons, we will affirm the order of the District Court dismissing Brooks-McCollum's amended complaint, and denying her motions for summary judgment and sanctions. Brooks-McCollum's "motion for summary judgment," in which she appears to seek summary reversal and the direction of a money judgment in her favor, is denied.