Mary STEWART, Plaintiff Below,
Appellant,

v.

GENESCO, INC., and Storm's Shoes,
Inc., Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted April 10, 1979.

Decided May 29, 1979.

Revised July 30, 1979.

Motion for Reargument Denied
July 30, 1979.

**26**

Alene S. Berkowitz and Garry G. Green-stein, of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for plaintiff-appellant.

Roger Sanders and Richard R. Wier, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendants-appellees.

Before DUFFY, QUILLEN and HOR-SEY, JJ.

QUILLEN, Justice:

This is an action to recover for personal injuries resulting from breach of warranty of merchantability. The plaintiff claims she was injured when her left shoe and then her right shoe failed to bear her weight and broke. The jury found that the shoes were defectively manufactured and unfit for their ordinary and intended use and held defendants liable to plaintiff for the breach of implied warranty in the amount of $135,-000.00.

On a post trial motion by the defendants for a new trial, the Trial Court concluded in its initial post trial letter opinion that the award was "so grossly excessive as to shock the Court's conscience." It further concluded that a remittitur reducing the verdict to $50,000.00 was appropriate, finding such lesser amount "substantial" but bearing "a fair relationship to plaintiff's injuries." In the absence of the acceptance of the remittitur, a new trial was ordered. A motion for reargument was denied, the Trial Court making it clear that the new trial would extend to liability as well as damages.

The plaintiff suggests that the usual deference to the judgment of the Trial Judge here is inappropriate because the Trial Judge himself improperly substituted his own fact findings for those of the jury. It is true that the Trial Judge, in denying reargument, indicated that the prognosis "does not include probability of permanency," which was an unfortunate and ambiguous comment in a case where the Trial Judge's own charge permitted the jury to find permanency in some respects. But the comment is unclear as to the precise context being addressed especially since the same letter opinion recognized that pain "may continue indefinitely into the future." Moreover, the primary focus of the Court in that discussion was on "the amount of remittitur." The initial post trial letter opinion, noted above, expressly applied the proper standard on a motion for new trial based on the excessiveness of the verdict. A trial court should not set aside a verdict unless it is so grossly excessive as to shock the Court's conscience and sense of justice, and unless the injustice is clear. *Riegel v. Aastad*, Del.Supr., 272 A.2d 715, 718 (1970).[1] We conclude there is no reason to deny the decision of the Trial Judge granting a new trial customary deference.

The question of whether or not a verdict is excessive is one peculiarly within the province of the trial judge, since he is better qualified to determine that question than an appellate court. *Williams v. Chittick*, Del.Supr., 139 A.2d 375, 379 (1958). As a consequence, the better rule is that the appellate court will not reverse the trial judge's decision on a motion for new trial on the ground of excessiveness of the verdict unless it holds that the trial court abused its discretion. *Riegel v. Aastad, su-*

---

1. See also *Delmarva Power & Light v. Stout*, Del.Supr., 380 A.2d 1365, 1368 (1977) and *Storey v. Castner*, Del.Supr., 314 A.2d 187, 193 (1973). Earlier cases are reviewed in *Burns v. Delaware Coca-Cola Bottling Company*, Del.Super., 224 A.2d 255 (1966). Compare *Mills v. Telenczak*, Del.Supr., 345 A.2d 424, 426 (1975) and *DiGioia v. Schetrompf*, Del.Super., 251 A.2d 569, 570–571 (1969), cases applying the same rule of law to verdicts that are excessively low.

pra, 272 A.2d at 718; 6A *Moore's Federal Practice* ¶ 59.08[6].[2]

■ Our review of the record fails to support the conclusion that the Trial Judge abused his discretion. While it is possible to dispute some of his factual emphasis, his decision to set aside the verdict as grossly excessive was not "clearly unreasonable or capricious." *Chavin v. Cope*, Del.Supr., 243 A.2d 694, 697 (1968).

We make no judgment in this case as to the precise amount of the remittitur. As noted above, we find some confusion in the Trial Judge's language on the subject of permanency. Moreover, we feel, under the Delaware policy to highlight the role of the jury, our practice should be to grant the plaintiff every reasonable factual inference from the record and determine what verdict the record justifies as an absolute maximum. *Burns v. Delaware Coca-Cola Bottling Company*, Del.Super., 224 A.2d 255, 259 (1966). Compare the discussion in 6A *Moore's Federal Practice* ¶ 59.05[3]. But, notwithstanding these considerations, we do not feel qualified in this case to judge the precise figure entered by the Trial Judge. The plaintiff, under the stay entered below, has the option to accept that figure in lieu of a new trial, but she is not compelled to do so.

■ There is a second issue on appeal since the Trial Judge held that any new trial would extend to liability as well as damages. It appears that during the trial, evidence, offered by the defendants, of laboratory tests made on shoes similar to those worn by the plaintiff at the time of the accident was excluded. The basis of exclusion was that the evidence offered was "surprise evidence" in light of the failure to disclose its existence as part of pre-trial discovery. The Trial Judge concluded that there would be no basis for excluding the evidence in the event of a new trial. His decision was not an abuse of discretion under the permissive authority contained in Superior Court Civil Rule 59 to grant a new trial "on all or part of the issues." *Bennett v. Andree*, Del.Supr., 252 A.2d 100, 103 (1969).

The judgment of the Superior Court is affirmed.

*On Plaintiff's Motion for Reargument*

■ The plaintiff's motion for reargument is an effective statement of her factual position but does not add anything that was not already before the Court. It is important to bear in mind not only the substantive standards but also the role of the trial and appellate court. Our prime role is to determine whether the Trial Judge's determination—the $135,000.00 verdict was "so grossly excessive to shock the Court's conscience" and therefore justified a new trial—was an abuse of discretion. It is evident in our judgment that his decision in this regard was not "clearly unreasonable or capricious" and therefore his decision in this regard did not constitute an abuse of discretion.

2. Professor Moore says: "such a review is apropos and convenient" since it "serves to emphasize the initial and primary role of the trial judge" whose decision is "prima facie correct" and reversible "only in the rare instance when . . . he has clearly erred, i. e., abused his discretion." Such policy considerations help override the bite of Judge Learned Hand's criticism of the artificiality of the semantics involved: "We must in effect decide whether it was within the bounds of tolerable conclusion to say that the jury's verdict was within the bounds of tolerable conclusion. To decide cases by such tenuous unrealities seems to us thoroughly undesirable; parties ought not to be bound by gossamer strands; judges ought not to engage in scholastic refinements." *Miller v.*

*Maryland Casualty Co.*, 2d Cir., 40 F.2d 463, 465 (1930). The overriding policy considerations emphasize the need to fairly present the issue of excessive verdict to the trial court. Supreme Court Rule 8. It should also be noted that appellate review under the abuse of discretion standard is subject to a further restraint when the trial judge in a jury case denies the post trial motion for a new trial based on the excessiveness of the verdict. This Court on appeal is bound by the jury verdict if it is supported by evidence. *Delaware Constitution*, Art. IV, § 11. Thus, before this Court can intervene, the jury's verdict must be without support in the evidence and amount to an error of law.

The subsidiary matter, at least in a legal sense on appeal, is the precise amount of the remittitur about which we make no judgment in this case. In two respects, however, we did comment on the plaintiff's position. First we found some confusion in the Trial Judge's language on permanency. Second, in light of the Trial Judge's finding that a $50,000.00 verdict was "substantial" but bore "a fair relationship to plaintiff's injuries," we noted that the Delaware practice "should be to grant the plaintiff every reasonable factual inference and determine what verdict the record justifies as an absolute maximum." But we adhere to the view that neither of these considerations justify our exercise of our judgment on the precise amount of the remittitur in this case.

We see no harm, however, in permitting the plaintiff an opportunity to apply to the Trial Judge for reconsideration of the amount of the remittitur following this Court's opinion on appeal. If the two considerations mentioned above might affect the Trial Judge's judgment as to the extent of the remittitur, it would seem appropriate for him to exercise his judgment again to ascertain if the remittitur should be made less severe on the plaintiff. Of course, if his view remains the same, the matter can proceed as originally determined.

Therefore, while we deny the motion for reargument, our affirmance is qualified to permit the plaintiff, in light of the whole record, including the opinion on appeal, to apply to the Trial Judge, by motion filed not later than 10 days after the date of remand, for a decrease in the amount of remittitur, which would result in a consequent increase in the amount of recovery permitted by the Trial Judge.

The judgment of the Superior Court is affirmed and the case is remanded for further proceedings consistent herewith.