**Virginia M. YOUNG, as Executrix of the Estate of Jeffrey W. Young, Plaintiff Below, Appellant,**

**v.**

**Leroy FRASE, Sr. and Simco Sales Service of Pennsylvania, Inc., a corporation of State of Pennsylvania, Defendants Below, Appellees.**

No. 524, 1996.

Supreme Court of Delaware.

Submitted: Sept. 16, 1997.

Decided: Nov. 26, 1997.

H. Clay Davis, III, Georgetown, for Appellant.

Laura Marie Nolte (argued), and Ted Martin Berg, of Goldfein & Joseph, Wilmington, for Appellees.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en Banc.

VEASEY, Chief Justice:

In this appeal we affirm the decision of the Superior Court denying a plaintiff's post-verdict motion for additur or, alternatively, a new trial as to damages. We hold that the reasoned consideration by the Superior Court of the adequacy of the jury award was within the discretion of the Superior Court based on evidence presented at trial. We find no basis to disturb the finding of the Superior Court that the amount of the award was not so inadequate as to shock the conscience of the court. In deferring to the Superior Court's determination, we limit our review to the question of whether or not the Superior Court's determination is beyond the range of reasonableness or constitutes an abuse of discretion. Accordingly, we do not substitute our judgment for that of the trial judge, who presided at the trial and heard the evidence.

### Facts

This appeal was brought by the executrix of Jeffrey Young, who died as a result of causes unrelated to the injury at issue in this case. Young was injured on April 6, 1993, while employed by Food Lion, Inc. The injury occurred while Young was gathering shopping carts in the parking lot of one of Food Lion's stores. A vehicle hit the carts, causing Young to fall and fracture the ball portion of his right shoulder. In the emergency room, Young was given pain medication and released the same day with a sling. Young continued to take prescription pain medication for three months after the accident. The fracture did not require surgery or a cast. Young received physical therapy until August 1993, and his last visit to a physician for his injury occurred in January 1994.

Young filed suit for personal injury against both Simco Sales Service of Pennsylvania, Inc. as the owner of the vehicle and Leroy Frase, Sr. as its driver. Before trial, the parties filed memoranda with the Superior Court concerning the admissibility of Young's special damages included in a worker's compensation lien assessed against Young for $12,794.21. The defendants subsequently informed the trial judge that he need not decide whether the workman's compensation lien was admissible because the defendants had agreed to pay the lien amount.

Accordingly, the case proceeded to trial without evidence of special damages. The jury heard testimony from Young and two expert witnesses concerning the long-term effects of Young's injury. Young testified that he suffered a great deal of pain during therapy and was still experiencing some discomfort in his shoulder at the time of trial. His expert witness, Dr. Harry Freedman, testified that Young's fracture had healed in a stable manner but had caused a permanent

limitation in the range of motion in Young's shoulder. According to the defense witness, Dr. David Sopa, Young's shoulder had healed well enough to allow Young to carry out normal daily functions without pain. The only activities foreclosed to Young due to his injury involved overhead work and the control of heavy equipment such as a power saw. Dr. Sopa testified that Young was fit to return to work in January 1994. Young eventually did return in the Spring of 1994, although he was not working at the time of trial.

The jury found that Young was 50% liable for his own injury and that the defendants were 50% liable. The total award of damages was $5,000. Claiming that the award was inadequate as a matter of law, Young moved for additur or, alternatively, for new trial as to damages. In support of his claim that the jury's award was grossly inadequate, Young cited, among other things, the fact that he had refused the defendants' offer of settlement for $75,000 and the fact that he had a special damages claim in excess of $12,000 that had been resolved. The Superior Court refused to disturb the jury's award of damages and denied the motion.[1] In doing so, the trial judge stated:

> Plaintiff contends that since defendants made a settlement offer in the amount of $75,000.00, he has established that the award was inadequate. However, the settlement offer, obviously, was not part of the evidence.
>
> \* \* \*
>
> Plaintiff next asserts that since the special damages exceeded $12,000, the Court should rule the jury award inadequate as a matter of law. Plaintiff cites the case of *Battle v. Mercier*, Del.Super., C.A. No. 84C–FE–91, Taylor, J. [1986 WL 4863] (April 16, 1986) in support of that contention. However, *Battle* does not support

plaintiff's contention because in that case, the special damages were entered into evidence. Since the specials were not in evidence here, I will not consider them in reviewing the adequacy of the jury award.

> I will consider the evidence. Plaintiff has some minor limitations, such as on overhead lifting and not being able to use a saw. However, he has resumed his normal activities, including work, and he can perform these normal daily activities without pain. The jury awarded plaintiff for his pain and suffering during a limited time period and for any future limitations. The jury reached this award after reviewing the objective evidence and after making credibility determinations with regard to the subjective evidence. The issue is not whether this Court would have awarded a larger sum than did the jury. The issue is whether the Court's conscience is shocked by the award. It is not. Based on the facts of the case, I refuse to find that the evidence preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result.

### The Applicable Standard

 We review for abuse of discretion a decision by a trial court denying a motion for additur or a new trial.[2] The trial court had the opportunity to observe first hand the proceedings before the jury. Therefore, assessment of the resulting jury award was "peculiarly within the province" of the trial judge.[3]

 Under Delaware law, enormous deference is given to jury verdicts.[4] In the face of any reasonable difference of opinion, courts will yield to the jury's decision.[5] It follows that, in the absence of exceptional circumstances, the validity of damages determined by the jury should likewise be pre-

1. *Young v. Frase*, Del.Super., C.A. No. 94C–08–026 (Dec. 3, 1996) (Let.Op.).

2. *Cloroben Chemical Corp. v. Comegys*, Del.Supr., 464 A.2d 887, 893 (1983).

3. *Stewart v. Genesco, Inc.*, Del.Supr., 406 A.2d 25, 26 (1979).

4. In fact, the Delaware Constitution directs this Court "that on appeal from a verdict of a jury, the findings of the jury, if supported by the evidence, shall be conclusive." DEL.CONST., art. IV, § 11(1)(a).

5. *Storey v. Castner*, Del.Supr., 314 A.2d 187 (1973); *Medical Center of Del. v. Lougheed*, Del. Supr., 661 A.2d 1055 (1995).

sumed. Accordingly, a jury award should be set aside only in the unusual case where it is "clear that the award is so grossly out of proportion to the injuries suffered as to shock the Court's conscience and sense of justice."[6]

■ A jury award will meet this standard when it is so inadequate that it must have been based on passion, prejudice or misconduct rather than on an objective consideration of the trial evidence.[7] Therefore, as a practical test, a court presented with a request for additur must review the record and determine whether the jury's award of damages is within a range supported by the evidence.[8] As long as there is a sufficient evidentiary basis for the amount of the award, the jury's verdict should not be disturbed by a grant of additur or a new trial as to damages.[9] This Court will not substitute its judgment for that of the trial court in determining issues of granting additur or a new trial.

### Evidentiary Considerations Upon a Motion for Additur

■ We now turn to the proper scope of a trial judge's review of the record upon a motion for additur or, alternatively, a new trial as to damages. Young argues that the jury award in this case was shockingly low, as evidenced by the worker's compensation lien indicating special damages in excess of $12,000 as well as by defendants' $75,000 settlement offer. The trial judge refused to consider such evidence, as neither offer was presented before the jury. We agree with the trial court's approach and hold that, in deciding whether or not to grant additur or a new trial as to damages, a court may consider only the facts that were placed into evidence.

■ Testimony at trial indicated that Young's pain and suffering may have been less severe than he was contending. Young's fracture did not require surgery or a cast. He was examined in the emergency room and released the same day with a sling around his arm. Furthermore, Dr. Sopa testified that Young's shoulder had healed well and that the permanent limitations caused by the injury did not preclude Young from performing daily activities without pain or medication.

■ Delaware law observes the "fundamental tenet of American jurisprudence" that the jury is the sole trier of fact responsible for assessing the credibility of witnesses, resolving conflicting testimony and drawing inferences from proven facts.[10] In keeping with that tenet, the trial judge's review function when presented with a motion for additur is to examine the facts on record and to determine whether a reasonable jury could have reached the result.[11] Accordingly, a court's assessment of whether a jury's award of damages is within a range supported by the evidence must necessarily be based on

6. *Mills v. Telenczak,* Del.Supr., 345 A.2d 424, 426 (1975).

7. *See DeAngelis v. Harrison,* Del.Supr., 628 A.2d 77 (1993) (remanding for a new trial as to damages where counsel's improper remarks to the jury caused likely prejudice); *McNally v. Eckman,* Del.Supr., 466 A.2d 363, 374 (1983) (holding that a new trial was warranted when the record revealed a "studied purpose on the part of counsel to inflame or prejudice the jury improperly"); *Fisher v. State,* Del.Supr., 690 A.2d 917 (1996) (reversing defendant's conviction and granting a new trial based on juror misconduct in considering improperly the issue of race).

8. *See Storey v. Camper,* Del.Supr., 401 A.2d 458, 465 (1979) (holding that, on weight of the evidence motions, a trial judge is permitted to set aside a jury verdict only when in his judgment it is at least against the great weight of the evi-

dence so that a reasonable jury could not have reached the result).

9. *See Del. Elec. Coop., Inc. v. Duphily,* Del.Supr., —— A.2d ——, 1997 WL 742021, No. 521, 1996, Walsh, J. (Nov. 20, 1997) (refusing to grant remittitur with respect to "substantial" award where trial counsel was found not to have inflamed or prejudiced the jury and where the trial evidence rendered $3,000,000 verdict "understandable").

10. *Taylor v. State,* Del.Supr., 679 A.2d 449, 452 (1996); *Chao v. State,* Del.Supr., 604 A.2d 1351, 1363 (1992); *Pryor v. State,* Del.Supr., 453 A.2d 98, 100 (1982).

11. *Storey v. Camper,* 401 A.2d at 465; *see also Burns v. Delaware Coca–Cola Bottling Co.,* Del.Super., 224 A.2d 255, 258 (1966) (holding that amount of jury award "must be considered in the context of the evidence of record").

the evidence presented to the jury and not on facts outside of the jury's purview.

In the instant case, the admissibility of Young's special damages contained in a worker's compensation lien was the subject of pre-trial briefing. Because the parties settled the lien before trial, the issue of admissibility was withdrawn, and Young's special damages were never offered into evidence. The $75,000 settlement offer was not presented to the jury. Nor could it have ben admitted in evidence.[12] The trial judge acted appropriately in this case by refusing to consider unadmitted and inadmissible facts in reviewing the jury award.

## Conclusion

A motion for additur is an expedient but intrusive way of adjusting a jury's award in exceptional cases where the amount of the award is shockingly inadequate. This is not such a case. Accordingly, we affirm the judgment of the Superior Court.

12. Such offers are not admissible to prove liability or damages under Delaware Rule of Evidence 408. *Duphily, supra* note 9, at —— (holding that any reference to a settlement is inadmissible during trial under D.R.E. 408). D.R.E. 408 provides in part:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount.