DANA COMPANIES, LLC, Defendant Below, Appellant/Cross–Appellee,

v.

Betty Sue CRAWFORD and Kathy H. Lenzen, as Personal Representatives to the Estate of Elizabeth Henderson, and Betty Sue Crawford, Kathy H. Lenzen, Tammy Blair, Ernest Henderson, Jr., and Bruce Henderson, as surviving children of Elizabeth Henderson, and Tammy Blair, as Independent Executrix of the Estate of Bruce Henderson, Plaintiffs Below, Appellees/Cross–Appellants.

Zoom Performance Products, a Trade Name of Perfection Hy–Test Company, Defendant Below, Appellant/Cross–Appellee,

v.

Betty Sue Crawford and Kathy Lenzen, as Personal Representatives to the Estate of Elizabeth Henderson, Deceased, and Betty Sue Crawford, Kathy H. Lenzen, Tammy Blair, Ernest Henderson, Jr., and Bruce Henderson, as surviving children of Elizabeth Henderson, and Tammy Blair, as Independent Executrix of the Estate of Bruce Henderson, Plaintiffs Below, Appellees/Cross–Appellants.

Nos. 108, 2011, 109, 2011.

Supreme Court of Delaware.

Submitted: Oct. 26, 2011.

Decided: Dec. 14, 2011.

Beth E. Valocchi and Joseph S. Naylor, Esquires, of Swartz Campbell LLC, Wilmington, Delaware; Of Counsel: William R. Hanlon, Valerie E. Ross (argued), and Jeffrey D. Skinner, Esquires, of Goodwin Procter LLP, Washington, D.C.; for Appellant/Cross–Appellee Dana Companies, LLC.

Timothy Jay Houseal (argued), Jennifer M. Kinkus and William E. Gamgort, Esquires, of Young Conaway Stargatt & Taylor LLP, Wilmington, Delaware; for Appellant/Cross–Appellee Zoom Performance Products.

Joseph J. Rhoades and Stephen T. Morrow, Esquires, of the Law Offices of Joseph J. Rhoades, Wilmington, Delaware; Of Counsel: Jerome H. Block (argued), Amber R. Long and Victoria E. Phillips, Esquires, of Levy Phillips & Konigsberg LLP, New York, New York; for Appellees/Cross–Appellants.

Before HOLLAND, JACOBS and RIDGELY, Justices.

JACOBS, Justice:

Defendants below Dana Companies ("Dana") and Zoom Performance Products ("Zoom") appeal from a Superior Court order denying their post-trial motions for judgment as a matter of law or, alternatively, for a new trial. A Superior Court jury found those defendants partially liable for asbestos-related mesothelioma suffered by the decedents, Bruce Henderson ("Bruce") and his mother, Elizabeth Henderson ("Elizabeth") (collectively, the "Hendersons"). The trial court denied the defendants' motions on the ground that the jury verdict was supported by sufficient evidence.

The jury awarded $80,000 to Elizabeth's heirs for her pain and suffering, and $0 to Bruce Henderson for loss of consortium resulting from his mother's wrongful death. The plaintiffs below, who are the Hendersons' legal representatives and surviving Henderson family members ("plaintiffs"), cross appeal from the trial court's denial of their separate motions for additur or, alternatively, a new trial on damages.

On the principal appeal by appellants Dana and Zoom, we affirm the trial court's judgment on the basis of its well-reasoned opinion. On the cross appeal by the plaintiffs below, appellees, we find that the trial court committed legal error in ruling on the plaintiffs' additur motion, and also that the court erroneously failed to address a potentially determinative issue of Louisiana law. Therefore, we reverse in part the trial court's additur ruling, and remand the case for proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Because on the principal appeal by defendants Dana and Zoon, we affirm the trial court's judgment on the basis of the trial court's opinion, the facts set forth below relate solely to the plaintiffs' cross appeal of the lower court's denial of additur or, alternatively, a new trial on damages.

The Hendersons owned and operated a car repair business in Louisiana for four decades. Both Elizabeth and Bruce were found to have been exposed to asbestos while operating the business during that period. That exposure allegedly resulted from their handling of certain car parts used in the shop, and also to the Hendersons' proximity to a nearby carbon plant where scrap asbestos was released into the environment. Bruce was diagnosed with mesothelioma less than a year after Elizabeth died of that disease in 2008. Bruce died in early 2010. Family members of the Hendersons brought suit against numerous defendants, both representatively and individually, claiming that Bruce and Elizabeth suffered tortious exposure to asbestos and resulting wrongful death.

Before trial, the plaintiffs' claims against all defendants except for Zoon and Dana were either settled or dismissed. The claims against Dana and Zoon proceeded to trial and were submitted to a jury. The trial court instructed the jury as follows:

> The plaintiffs in this case have alleged a number of claims against defendants.... Although these claims have been tried together, each is separate, and you are to separately consider each claim. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would have if each claim had been tried before you separately.

The court also instructed the jurors that "[y]our verdict must be based solely on the evidence in this case" and that "[y]our award should be just and reasonable in light of the evidence and reasonably sufficient to compensate each individual plaintiff for whom you determine compensatory damages are appropriate."

The jury found Zoom and Dana partially liable for both Hendersons' fatal disease, and awarded a total of $500,000 to four of the plaintiff family members for loss of consortium resulting from the wrongful death of Elizabeth. Bruce, however, was awarded $0 for his mother's wrongful death. Elizabeth's estate was awarded $80,000 in damages for her pain and suffering, and Bruce's estate was awarded $1.16 million for his pain and suffering.

After trial, the plaintiffs moved for additur or for a new trial on damages. Plaintiffs claimed that the awards of $0 to Bruce for the wrongful death of his mother and of $80,000 for Elizabeth's pain and suffering were legally inadequate, given the far greater amounts awarded in similar cases. In denying relief with respect to the pain and suffering award, the trial judge explained that:

> [T]he $80,000 award for Elizabeth's pain and suffering cannot be parsed or evaluated in isolation without consideration of the additional $500,000 that the jury awarded on the wrongful death claim. While these awards are made on distinct conceptual grounds, the jury was obviously cognizant that the combined total of both awards were to be shared by the same four beneficiaries.

As for the $0 award for Bruce's loss of consortium resulting from Elizabeth's death, the trial court noted that "there is some question under Louisiana law as to whether the jury could legally award damages to Bruce since he was not a 'surviv-

ing' son of Elizabeth at the time of trial." The court did not reach that legal issue, however. Instead, it upheld the $0 award on the basis that "the jury's verdict reflects ... attention to the fact that awarding wrongful death damages to a deceased son without a surviving spouse or children would have made little sense." "[T]he jury was obviously well aware" (the court added) that "the *total* amount they were awarding—no matter how the sums were labeled—would be shared by the same four beneficiaries."

## ANALYSIS

■■ We review the denial of a motion for additur for abuse of discretion.[1] Questions of law are reviewed *de novo.* "[T]his Court interferes with the verdict of the jury only with great reluctance."[2] A court should set aside or alter a jury award only if "it is 'clear that the award is so grossly out of proportion to the injuries suffered as to shock the [trial judge's] conscience and sense of justice.' "[3]

■■■ What considerations may permissibly be taken into account by a jury in determining a damages award, is a question of law. It is error for a trial court to uphold a jury verdict that is contrary to the jury instructions.[4] Moreover, "in deciding whether or not to grant additur or a new trial as to damages, a court may consider *only the facts that were placed into evidence* " to prove the claim.[5]

1. *The $80, 000 Pain and Suffering Award*

The trial court upheld the verdict awarding Elizabeth's heirs $80,000 for her pain and suffering. That verdict, however, was contrary to the court's instructions to the jury. In denying additur, the trial court stated that "the jury was obviously cognizant that the combined total of both awards were to be shared by the same four beneficiaries." That statement cannot be reconciled with the court's instruction to the jury to "consider the evidence as it relates to each claim separately, as ... if each claim had been tried before you separately." The instruction was correct.[6] The inconsistent statement in the court's opinion was erroneous.

■ We therefore remand the case to the trial court to reconsider whether additur is warranted. On remand, the trial court shall consider the adequacy of each damages award solely in light of the evidence that bears on each claim, respectively, and without reference to the jury awards for other, separate claims.

2. *Bruce Henderson's $0 Award*

In considering the adequacy of Bruce's $0 award for loss of consortium due to his

1. *Young v. Frase,* 702 A.2d 1234, 1236 (Del. 1997).

2. *Burns v. Del. Coca–Cola Bottl. Co.,* 224 A.2d 255, 256 (Del.Super.1966).

3. *Young,* 702 A.2d at 1237 (citation omitted).

4. *Duphily v. Delaware Elec. Co–op., Inc.,* 662 A.2d 821, 834 (Del.1995).

5. *Young,* 702 A.2d at 1237 (emphasis added).

6. Louisiana courts analyze the adequacy of damages awards for these claims separately, based on different considerations and without reference to each other. *See, e.g., Cheatham v. City of New Orleans,* 378 So.2d 369, 376–78 (La.1979) (analyzing survival claim adequacy based on evidence of suffering by deceased prior to death, and wrongful death award based on evidence of relative's closeness with deceased). A separate analysis applies even if the damages will, as a practical matter, end up in the same hands. *Id.* at 377 (dividing survival claim between surviving two-year-old son and wife after lower court only assigned damages to wife).

mother's death, the trial court identified a potentially dispositive question—whether Louisiana law would preclude any award because Bruce was deceased at the time of the trial. The Superior Court did not resolve that question. Instead, the court concluded that it did not need to reach that issue, because awarding "damages to a deceased son without a surviving spouse or children would have made little sense."

Yet, the court upheld the jury award of $1.16 million for Bruce's pain and suffering, even though he was deceased and had no surviving spouse or children at the time of trial.[7] Bruce was alive when his mother died in 2008, and he remained alive until 2010. It therefore is arguable that Bruce suffered a loss of consortium attributable to his mother's wrongful death during the same time that he experienced the pain and suffering for which the jury awarded him damages.

The trial court did not explain why a jury would decide that a wrongful death award for Bruce Henderson "would have made little sense," but that an award for pain and suffering (apparently) would make sense.[8] The Superior Court essen-tially relied on the same erroneous rationale when upholding the $80,000 award for Elizabeth's pain and suffering, namely, that "the jury was obviously well aware that the *total* amount they were award-ing—no matter how the sums were la-beled—would be shared by the same four beneficiaries."

■ Therefore, on remand the trial court shall determine whether Louisiana law permits a deceased plaintiff to be awarded damages in a wrongful death ac-tion and, if so, to reconsider the plaintiffs' motion for additur for Bruce's $0 award for loss of consortium.

## CONCLUSION

For the reasons set forth above, we affirm in part, reverse in part, and remand for proceedings in accordance with this Opinion. Jurisdiction is not retained.

---

**7.** In ruling on defendants' motions for judg-ment as a matter of law or a new trial, the trial court held that the "jury's verdicts were both *reasonable* and adequately supported by the evidence" (emphasis added). The trial court also appeared to incorporate the $1.16 million award in its consideration of plain-tiffs' additur motion, stating that the "verdicts here, *when considered as a whole*, do not shock the Court's conscience and are not out of proportion to the Plaintiffs' losses" (em-phasis added).

**8.** Nor did the Superior Court cite to any legal authority to support this statement.