IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| YOKAHOMA JOHNSON, | : | |
| | : | C.A. No: K14C-10-035 RBY |
| Plaintiff, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| RICHARD VERNA and THE CITY OF WILMINGTON, | : | |
| | : | |
| Defendants. | : | |

*Submitted: December 12, 2016*
*Decided: December 20, 2016*

*Upon Consideration of Defendants' Motion for Remittitur and Additur,*
*or in the Alternative, Motion for a New Trial*
DENIED

**ORDER**

William D. Fletcher, Jr., Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Christofer C. Johnson, Esquire, City of Wilmington Law Department, Wilmington, Delaware for Defendant.

Young, J.

## DECISION

Defendants, Richard Verna and the City of Wilmington, have Moved for a New Trial or for Remittitur following a jury trial awarding the Plaintiff $180,000.00, on the basis of a finding of damages in the amount of $240,000.00 reduced by 25% comparative negligence.

Defendants note that Plaintiff's physician determined that Plaintiff sustained two distinct injuries in the automobile accident of June 30, 2013: one to her right shoulder, and another to her left knee. Plaintiff required extensive medical treatment early on, including surgery to the former and draining to the latter. That treatment completely exhausted her P.I.P. coverage, leaving almost $24,000.00 in outstanding, post-P.I.P. medical expenses, plus $19,000.00 uncompensated lost wages.

In addition, Plaintiff's treating physician found that she had sustained permanent injuries which were mild to moderate for her right shoulder and mild for her left knee. Given Plaintiff's age, that meant that the jury could consider an expectancy of Plaintiff's living with those injuries for a statistical 38 years, plus the 2 ½ years since the accident, which she'd already endured by then. If the jury evaluated her injury on the basis of pain sustained over some time frame – a factor to which no one else was privy – her permanent injury could have been assessed at $500 per month, for example. If the jury believed – again, an unknowable factor – that Plaintiff would have regular medical treatment expenses, that would be another factor in the consideration.

The point is that, while the award may be looked at as higher than some might have anticipated, it cannot be said to have been fanciful, or the result of passion or

prejudice, as required by law for a Court to supercede the verdict of a jury. As is made clear in the Delaware Constitution, Article IV § 11(1)(a), "the findings of the jury, if supported by evidence, shall be conclusive." See also, *Storey v. Castner*, Del. Super. 314 A.2d 187 (1973); *Young v. Frase*, Del. Super. 702 A.2d 1234 (1997).

Accordingly, Defendants' Motion for New Trial or Remittitur is **DENIED**.

**SO ORDERED** this 20th day of December, 2016.


        /s/ Robert B. Young
            J.


RBY/lmc
*Via File & ServeXpress*
cc:    Counsel
       Opinion Distribution