# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL HENRY, | : | |
| | : | C.A. No. K15C-09-029 WLW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE CO., | : | |
| a Foreign corporation, | : | |
| | : | |
| Defendant. | : | |

Submitted: June 20, 2017
Decided: September 25, 2017

## ORDER

Upon Defendant's Motions for a New Trial, or,
Alternatively, for Remittitur.
*Denied.*
Upon Plaintiff's Motion for Imposition of Prejudgment
Interest, Fees and Court Costs.
*Granted in Part.*

William D. Fletcher, Jr., Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for the Plaintiff.

Brian T. McNelis, Esquire of Young & McNelis, Dover, Delaware; attorney for the Defendant.

WITHAM, R.J.

Before the Court are Defendant State Farm Mutual Automobile Insurance Company's ("State Farm's") Motion for a New Trial, its Motion in the Alternative for Remittitur, and Plaintiff Daniel Henry's responses in opposition. Also before the Court are Mr. Henry's Motion for Imposition of Prejudgment Interest Pursuant to 6 *Del. C.* § 2301 and for Assessment of Expert Witness Fees, Pursuant to 10 *Del. C.* § 8906 and Court Costs, Pursuant to Superior Court Civil Rule 54, and State Farm's response in opposition.

State Farm's motions for a new trial or, alternatively, for remittitur, are **DENIED**. Mr. Henry's motion is **GRANTED IN PART** as described below.

## FACTS

In brief, this is an underinsured motorist case where liability was admitted and the sole issue for the jury was damages. As a result of a collision in December 2013, Mr. Henry had a low back injury that began as tightness and resulted in worsening pain. He participated in six months of physical therapy and saw some improvement, even as his pain continued. He testified, generally, that his pain interfered with his work, including when he needed to restrain a child as part of his work as a paraprofessional. He testified that he has pain during his daily activities which interfered by forcing him to minimize bending over or catching the ball while coaching children's baseball. He had difficulty playing basketball and flag football because of his back pain. He testified that the pain interfered with his sleep.

During Mr. Henry's direct examination at trial, his counsel asked him if his vehicle was a total loss following the collision. Mr. Henry said it was, and counsel

for State Farm raised an immediate objection.

At sidebar, State Farm's counsel argued that the question was impermissible because it was irrelevant to his injuries. The Court asked if counsel was going to move on, and Mr. Henry's counsel responded in the affirmative. The Court directed him to move on and sustained the objection, but did not instruct the jury to disregard the question and answer. State Farm's counsel did not make a further objection regarding the exchange.

Mr. Henry also presented the video deposition testimony of Dr. Newell. Dr. Newell's testimony was less than an hour in length, and included the following exchange, to which State Farm objected at trial and now challenges:

> Q: Doctor, my last question dealt with your report. And I was asking about whether or not Mr. Henry would need medical treatment in the future. And what do you indicate in your report?
> A: I believe that he may require additional care in the future which . . . may involve either additional therapy, medication, [or] office visits, and . . . it may also require more aggressive treatment, which could be perhaps injections.
> Q: Okay. And that opinion was based upon reasonable medical probability?
> A: Yes.[1]

At closing argument, Mr. Henry's counsel made the following argument to the jury:

> When a person presents a claim such as this, he has only one opportunity with one jury to consider everything that this injury has done to him. In

---

[1] Def.'s Mot. for a New Trial, Ex. 2, at 13–24.

other words, he can't come back in five years, he can't come back in ten years, he can't come back in twenty years to another jury and say, hey, the back is really bad, I'm still getting some therapy, in fact, I've even decided to have the needles and I need to have that considered. Can't do that. You are the only jury that will ever consider what he's been through and what he will go through for the rest of his life because of this low back injury.[2]

The jury ultimately awarded Mr. Henry $175,000, which the Court reduced to $100,000 to conform to the limits of his policy upon motion by Mr. Henry. Mr. Henry and State Farm also filed the motions that are currently before the Court.

## THE PARTIES' CONTENTIONS

*I. Motion for a New Trial*

State Farm contends that a new trial is required because (1) Dr. Newell's testimony was not given to a reasonable degree of medical probability, as evidenced by his use of the word "may," (2) Mr. Henry's counsel improperly referenced future medical treatment during closing argument, and (3) the Court erroneously permitted testimony about the condition of Mr. Henry's vehicle following the collision without issuing a limiting instruction.

Mr. Henry argues in response that Dr. Newell's testimony was given to a reasonable degree of medical probability despite his use of the word "may" and that the Court did not err by failing to give an unrequested instruction. He also distinguishes the cases cited by State Farm, pointing out that the offending evidence

---

[2] Def.'s Mot. for a New Trial, Ex. 3, 27:1–12.

4

here is a single question and answer.

*II. Alternative Motion for Remittitur*

State Farm contends that it is entitled to remittitur because the jury's $175,000 verdict should shock the conscience of the Court and is unsupported by the evidence on the grounds that (1) the pain and suffering complained of were "mild" and (2) the jury verdict is five times greater than Mr. Henry's last settlement offer.

Mr. Henry argues that remittitur is improper because the judgment is $100,000, not $175,000; State Farm is not permitted to submit the pretrial settlement offer for comparison; and the motion fails to consider the full scope of Mr. Henry's injuries and their permanent effect upon him.

*III. Motion for Prejudgment Interest, Expert Witness Fees, and Court Costs*

Mr. Henry contends that he is entitled to prejudgment interest, expert witness fees, and court costs as follows:

(a) Prejudgment interest as of May 24, 2017 (at rate of 5.75%): $19,8333

(b) Court filing fees: $363.00

(c) Prothonotary (trial fee): $150.00

(d) Sheriff and Insurance Commissioner (service fee): $55.00

(e) Dr. William Newell, M.D. (medical expert witness fee): $3,000.00

(f) Discovery Video Services (video recording): $385.00

State Farm does not contest the calculation of these items with the exception of expert witness fees, which it argues are per se unreasonable.

## STANDARD OF REVIEW

### I. Motion for a New Trial or for Remittitur

This Court affords jury verdicts "enormous deference" and "absent 'exceptional circumstances,' the amount of damages awarded by a jury is presumed to be correct."[3] When considering a motion for a new trial, "[t]he Court will only set aside a verdict as insufficient if it is clear that the verdict was the result of passion, prejudice, partiality, corruption, or if it is clear that the jury disregarded the evidence or law."[4] "As long as there is a sufficient evidentiary basis for the amount of the award, the jury's verdict should not be disturbed by a grant of . . . a new trial as to damages."[5]

"The jury's verdict is presumed to be correct and sustainable unless it is so grossly disproportionate to the injuries suffered so as to shock the Court's conscience and sense of justice."[6] A verdict is only said to shock the Court's conscience where "the evidence preponderates so heavily against the jury verdict that a reasonable juror could not have reached the result."[7] As a result, if "there is any margin for a reasonable difference of opinion in the matter, the Court should yield to the verdict

---

[3] *Cooke v. Murphy*, 99 A.3d 226 (Table), 2014 WL 3764177, at *2 (Del. July 30, 2014) (quoting *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997)).

[4] *Id.* (quoting *Littleton v. Ironside*, No. 08C-07-018, 2010 WL 8250830, at *1 (Del. Super. Ct. Oct. 6, 2010)).

[5] *Id.* (quoting *Young*, 702 A.2d at 1237).

[6] *Id.* (quoting *Maier v. Santucci*, 697 A.2d 747, 749 (Del. 1997)).

[7] *Id.* (quoting *Amalfitano v. Baker*, 794 A.2d 575, 577 (Del. 2001)).

6

of the jury."[8]

## II. Motion for Prejudgment Interest, Expert Witness Fees, and Court Costs

"The fees for witnesses testifying as experts . . . in cases in the Superior Court . . . shall be fixed by the Court in its discretion, and such fees so fixed shall be taxed as part of the costs in each case and shall be collected and paid as other witness fees are now collected and paid."[9] "While an award of expert testimony is usually intended to cover the costs related to in-court trial testimony, it may also be used to cover the costs of deposition testimony that is utilized at trial."[10]

## DISCUSSION

## I. Motion for a New Trial

Dr. Newell's testimony regarding the potential for future care was given to a reasonable degree of medical certainty. State Farm argues, correctly, that medical experts must testify as to reasonable probabilities, not possibilities. But State Farm makes too much of Dr. Newell's use of the word "may" in discussing future care. True, Dr. Newell did testify that Mr. Henry "*may* require additional care . . . which . . . *may* involve either additional therapy, medication, office visits, and . . . *may* also require more aggressive treatment."[11] But Mr. Henry's counsel immediately clarified,

---

[8] *Id.* (quoting *Young*, 702 A.2d at 1237).

[9] 10 *Del. C.* § 8906.

[10] *Enrique v. State Farm Mut. Auto. Ins. Co.*, No. 08C-07-026, 2010 WL 2636845, at *1 (Del. Super. Ct. June 30, 2010) (citing *Summerhill v. Iannarella*, No. 07C-11-071, 2009 WL 891048, at *1 (Del. Super. Ct. Apr. 1, 2009)).

[11] Def.'s Mot. for a New Trial, Ex. 2, at 17–21. *But see May, Dictionary.com*, http://www.dictionary.com/browse/may (last visited June 20, 2017) (defining may as an auxiliary

asking Dr. Newell whether his opinion was based on reasonable medical probability.[12] Dr. Newell responded affirmatively.[13] Therefore, it was not error to admit his testimony.

The Court turns next to the comments made by Mr. Henry's counsel during closing argument about Mr. Henry's need for future medical care. If State Farm wished to object or respond to those comments, it had opportunity to do so. But it did not. "Counsel must preserve alleged errors committed by the Court, by timely and sufficient objections and requests, if he wishes to assert such matters as grounds for a new trial. Defendant cannot gamble on his chances for a favorable verdict and, if disappointed, then seek to use the alleged error as grounds to obtain another trial."[14] The Court finds no plain error here, especially given the existence of some evidence of a need for future medical care.

State Farm's argument that a new trial must be granted under *Davis v. Maute*[15] does not fare much better because State Farm never requested that the offending answer be stricken and never requested a curative instruction. In addition, the reference to the vehicle's damage was nowhere near as egregious as the one that

---

verb "used to express possibility"). It is to be expected that a physician will answer a question such as this in the same way as the physician would in answering a patient's question concerning future treatment.

[12] Def.'s Mot. for a New Trial, Ex. 2., at 22–23.

[13] *Id.* at 24.

[14] *McLeod v. Swier*, No. S12C-07-004, 2016 WL 355123, at *4 (Del. Super. Ct. Jan. 27, 2017) (quoting *State v. Halko*, 193 A.2d 817, 830 (Del. Super. Ct. 1963)).

[15] 770 A.2d 36 (Del. 2001).

occurred in *Davis*.

In *Davis*, counsel for the defendant referred to the accident as a "fender/bender" during both his opening and his closing and introduced photographs of the apparent minimal damage to the plaintiff's car.[16] Here, in contrast, a single question was asked of a witness regarding the extent of the damage of the truck, and no photographs were shown. That is far less than was present in *Davis*.

Moreover, in *Davis*, plaintiff's counsel had filed a motion *in limine* which defendant's counsel violated. That violation of the pretrial motion, the Court held, required the trial court to "strike the offending comments from the record and to instruct the jury that there is no relationship between the magnitude of the damage to [the] car and the extent of [the plaintiff's] personal injuries attributable to the accident."[17] But in so holding, the Court noted that "[t]he trial court's decision to deny *a requested remedy* for an improper argument by counsel will not be disturbed . . . absent an abuse of discretion."[18]

Here, the transcript establishes that counsel for State Farm did not request any remedy in his objection, and did not request any limiting instruction. In the absence of a request for an instruction, the Court reviews the instruction's omission for plain

---

[16] *Id.* at 39–40.

[17] *Id.* at 41 (citing *DeAngelis v. Harrison*, 628 A.2d 77, 80 (Del. 1993)).

[18] *Id.* (emphasis added) (citing *DeAngelis*, 628 A.2d at 80; *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 533 (Del. 1987)).

error.[19]  There is no such error here.  Counsel for Mr. Henry did not seek to characterize the accident as minor outside of a single question asking whether the vehicle was a total loss.  Counsel did not rely on that answer at opening or during closing, and State Farm's objection was sustained by the Court.  It was not plainly erroneous to permit its inclusion without any instruction to the jury, and any impact on the jury was *de minimis*.  The motion for a new trial is denied.

*II. Alternative Motion for Remittitur*

The verdict, now reduced to $100,000, does not shock the conscience or sense of justice of the Court.  The testimony at trial established that Mr. Henry experiences and will experience low back pain.  His stipulated life expectancy in the Court's instructions to the jury is forty-two additional years.  That amounts to an award for pain and suffering equivalent to $2,380 per year or $198 per month, a rational figure given that the testimony established that Mr. Henry's pain interferes with his work, daily activities, and sleep.

State Farm's attempt to compare the verdict to the most recent settlement offer is entirely inappropriate.  In *Young v. Frase*, upon which State Farm relies, the Delaware Supreme Court specifically rejected an attempt by plaintiff's counsel to urge consideration of a recent settlement offer.[20]  The Court "may consider only the facts that were placed into evidence."[21]  It is elementary that settlement offers may not

---

[19] *E.g.*, *Kostyshyn v. State*, 51 A.3d 416, 419 (Del. 2012) (citing *Probst v. State*, 547 A.2d 114, 119 (Del. 1988); *Dougherty v. State*, 21 A.3d 1, 3 (Del. 2011)).

[20] 702 A.2d 1234, 1237 (Del. 1997).

[21] *Id.*

be placed into evidence "to prove . . . invalidity of the claim or its amount."[22] The Court thus disregards the attempt to compare Mr. Henry's most recent settlement offer with the eventual jury verdict. The motion for remittitur is denied.

*III. Motion for Prejudgment Interest, Expert Witness Fees, and Court Costs*

State Farm, although not conceding the Court should reach the issue, does not contest the pre-judgment interest and Court costs. The sole dispute regarding fees centers on the reasonableness of the witness fee for Dr. Newell's fifty-four-minute video deposition.

"When determining the appropriate amount of fees to award medical experts, the Court frequently utilizes the advice of the Medico-Legal Affairs Committee of the Medical Society of Delaware."[23] Under the Committee's 2006 recommendation, "an appropriate fee range for a deposition lasting up to two hours is $1000-$2000."[24] Adjusting for inflation using the Bureau of Labor Statistics' consumer price index calculator, that amounts to a range from $1,224 to $2,449.[25] Given that Dr. Newell's deposition lasted less than an hour, two thousand dollars ($2,000) is a reasonable fee,

---

[22] D.R.E. 408.

[23] *Enrique v. State Farm Mut. Auto. Ins. Co.*, No. 08C-07-026, 2010 WL 2636845, at *1 (Del. Super. Ct. June 30, 2010) (citing *Bond v. Yi*, No. 05C-05-185, 2006 WL 2329364, at *3 (Del. Super. Ct. Aug. 10, 2006)).

[24] *Id.* (citing Medico-Legal Affairs Committee, *Recommended Guidelines for Medical Expert Fees* (March 2006)).

[25] *Id.* (citing *Parker v. Parker*, No. 04C-10-133, 2009 WL 3338098, at *2 (Del. Super. Ct. Sept. 2, 2009)); United States Dep't of Labor, Bureau of Labor Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last visited June 21, 2017) (entering $1,000 and $2,000 and comparing March 2006 to May 2017).

and not the three thousand ($3,000) requested by Mr. Henry.

Mr. Henry's motion is granted as set forth in his proposed order, except that expert witness fees and court costs are reduced, in the Court's discretion, to two thousand, nine hundred fifty-three dollars ($2,953). An appropriate order shall issue.

## CONCLUSION

State Farm's motions for a new trial or, alternatively, for remittitur, are **DENIED**. Mr. Henry's motion is **GRANTED IN PART**, except that expert witness fees and court costs are reduced to $2,953.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

12