**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ZOHRA HAJALI )
)
        Plaintiff, )
)
        v. )   C.A. No. N15C-07-111 EMD
)
OFFICER ANDREW W. DALLER )
individually and in his official capacity as )
a NEW CASTLE COUNTY, )
DELAWARE POLICE OFFICER )
)
        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL**

Upon consideration of the Motion for a New Trial (the "Motion") filed by Plaintiff Zohra Hajali; the Response in Opposition to Plaintiff's Motion for a New Trial ("Response") filed by Defendants Officer Andrew Daller; and the entire record of this civil action:

1. This is a civil action arising out of an arrest and detainment of Zohra Hajali. Ms. Hajali sued Officer Andrew Daller for: (1) violation of Fourth and Fourteenth Amendments for fabrication of evidence; (2) violation of 42 U.S.C. §1983 based on Fourth Amendment unlawful detention; (3) malicious prosecution; (4) state malicious prosecution; (5) wanton negligence county and municipal tort claims act.[1]

2. The Court held a five-day jury trial. Ms. Hajali called six witnesses and testified herself. Officer Daller called two witnesses and testified himself. Given the claims asserted and the evidence presented at trial, the credibility of witnesses was an important aspect of the case. The jury found in favor of Officer Daller.[2]

---

[1] Compl. ¶¶ 68-103.
[2] D.I. 52.

3. Ms. Hajali timely filed a Motion for a New Trial (the "Motion").[3] In the Motion, Ms. Hajali argues that she did not have a fair trial and was severely prejudiced because:

1. The Judge was unfair and intimidated plaintiff's counsel and he is ruling throughout the case bias against the plaintiff.

2. The judge has made comments, engaged in conduct, and made rulings that seem to be biased against the plaintiff and favor defendant.

3. The court rulings regarding the plaintiff's evidence were erroneous, unfair and prejudicial.

4. The judge had erred in ruling that the evidence was inadmissible.

5. The Court erred in sustaining objections to questions addressed to a witness.

6. The opposing counsel misleading the court, the jury, and the witness.

7. False testimony by defendant.

8. Juror misconduct. There was improper contact between New Castle County Employee and a Juror which damaged plaintiff's right to a fair trial.

9. The verdict is against the weight of the evidence.

10. The evidence conclusively establishes the existence of an injury and a causal relationship to the tortious conduct, the jury fails to award any damages, even nominal damages, such award is deemed to be against the weight of the evidence and it is considered an abuse of discretion to deny a request for a new trial on damages..[4]

While providing a list of arguments or reasons why there should be a new trial, Ms. Hajali submits few if any facts that support the list. In fact, the Motion is factually vague or entirely unsupported as to all arguments except the claim of juror misconduct (Argument No. 8).

4. Although not cited in the Motion, Superior Court Civil Rule 59 ("Rule 59") applies here. Rule 59 provides:

---

[3] Ms. Hajali, *pro se*, filed the Motion
[4] Mot. at ¶¶ 1-10.

(a) Grounds. A new trial may be granted as to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trial have heretofore been granted in the Superior Court.[5]

When the motion for a new trial is not accompanied by affidavits, the opposing party may serve and file a short answer to each ground asserted in the motion.[6] The Court then determines, from the motion, opposition and, if applicable, affidavits, whether: (i) a new trial should be granted or denied; or (ii) oral argument on the motion is necessary.[7]

5.     On a motion to grant a new trial, the verdict must be manifestly and palpably against the weight of the evidence, or for some reason justice would be miscarried if the verdict were to stand.[8] This Court gives enormous deference to jury verdicts.[9] The assessment of the resulting jury award is "peculiarly within the province" of the trial judge when that judge has had the opportunity to observe first-hand the proceedings before the jury.[10]

6.     The Court "will only set aside a verdict as insufficient if it is clear that the verdict was the result of passion, prejudice, partiality, corruption, or if it is clear that the jury disregarded the evidence or law."[11] "The jury's verdict is presumed to be correct and sustainable unless it is so grossly disproportionate to the injuries suffered so as to shock the Court's conscience and sense of justice."[12] A verdict shocks the Court's conscience when "the evidence preponderates so heavily against the jury verdict that a reasonable juror could not have reached the result."[13]

---

[5] Del. Super. Ct. Civ. R. 59(a).
[6] *Id.* at 59(b).
[7] *Id.*
[8] *McCloskey v. McKelvey*, 174 A.2d 691, 693 (Del. Super. 1961).
[9] *Cooke v. Murphy*, 2014 WL 3764177, at *2 (Del. July 30, 2014) (quoting *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997)).
[10] *Young v. Frase*, 702 A.2d 1234, 1237 (Del. 1997) (quoting *Stewart v. Genesco, Inc.*, 406 A.2d 25, 26 (Del. 1979)).
[11] *Cooke*, 2014 WL 3764177, at *2 (quoting *Littleton v. Ironside*, 2010 WL 8250830, at *1 (Del. Super. Oct. 6, 2010)).
[12] *Cooke*, 2014 WL 3764177, at *2 (quoting *Maier v. Santucci*, 367 A.2d 747, 749 (Del. 1997)).
[13] *Cooke*, 2014 WL 3764177, at *2 (quoting *Amalfitano v. Baker*, 794 A.2d 575, 577 (Del. 2001)).

When "there is any margin for a reasonable difference of opinion in the matter, the Court should yield to the verdict of the jury."[14]

7.     Ms. Hajali does not provide any factual support for most of her allegations in the Motion.  As for Argument No.8, Ms. Hajali believed that she saw a juror having lunch during trial with a New Castle County attorney ("County Counsel").  The Court conducted a colloquy of with the County Counsel with all parties and their counsel in the courtroom.  Then, the Court brought in the juror and engaged the juror in a colloquy with the juror with all parties and their counsel in the courtroom.  The Court identified County Counsel and asked the juror if he knew County Counsel or had lunch with him.  The juror denied having lunch with County Counsel and County Counsel denied knowing the juror.  The Court determined that there was no improper conduct with the juror.[15]  Moreover, counsel for the various parties did not make an exception to the decision by the Court.

8.     Ms. Hajali argues that the "evidence conclusively establishes the existence of an injury and a causal relationship to the tortious conduct" and the Court would abuse its discretion to not award any damages.[16]  However, in this case, the jury did not award any damages because they did not find any tortious conduct based on the evidence presented by the parties.  The jury found that Officer Daller had not acted knowing, deliberately, with reckless disregard for the truth, with wanton negligence, or with malicious intent.  The Court had an opportunity to observe the proceedings before the jury and the Court's assessment is that the jury's decision is supported

---

[14] *Cooke*, 2014 WL 3764177, at *2 (quoting *Young*, 702 A.2d at 1237).
[15] *See Angstadt v. Lippman*, 2006 WL 1679593, at *1 (Del. Super. May 2, 2006) (noting an earlier decision where the Court denied a motion for a new trial because the plaintiff's claims that a juror falsely answered *voir dire* questions were unsupported, and not a proper basis to disqualify the juror).
[16] Mot. at ¶10.

4

by the evidence produced at trial. In other words, the Court finds that the verdict in this case did not shock the conscience.

9. As for Ms. Hajali's additional arguments, the Motion fails to provide facts or applicable authority that would allow the Court to determine whether "cause" exists for the relief sought in the Motion. For example, the Motion fails to provide specific rulings on evidence that were erroneous or how exactly opposing counsel mislead the Court, the jury or the witnesses. As such, the Motion fails to demonstrate that Ms. Hajali is entitled to a new trial.[17]

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a New Trial is **DENIED**.

Dated: November 8, 2017
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc: Zohra Hajali
Robert C. McDonald, Esq.
Stephen P. Norman, Esq.

---

[17] *See, e.g., Flamer v. State*, 953 A.2d 130, 134 (Del. 2008); *see also Gonzalez v. Caraballo*, C.A. No. 07C-06-225 JAP, 2008 WL 4902686 (Del. Super. Nov. 12, 2008). In *Flamer*, the Supreme Court stated:

> In order to develop a legal argument effectively, *the Opening Brief must marshal the relevant facts and establish revisable error by demonstrating why the action at trial was contrary to either controlling precedent or persuasive decisional authority from other jurisdictions.* The failure to cite any authority in support of a legal argument constitutes a waiver of the issue on appeal. Accordingly, we hold that all of the legal issues raised by Flamer in this appeal have been waived.

*Flamer,* 953 A.2d at 134 (emphasis added).

5