**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

KRISTEN CALLAGHAN,      )
                                 )
          Plaintiff,      )
                                 )
          v.             )     C.A. No. N20C-08-061 EMD
                                 )
ADAM YORSTON,      )
                                 )
          Defendant.      )

**ORDER GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL**

Upon consideration of Plaintiff's Motion for New Trial (the "Motion") filed by Plaintiff Kristen Callaghan on March 21, 2023; Defendant's Response to Plaintiff's Motion for a New Trial ("Response") filed by Defendant Adam Yorston; and the entire record of this civil action, the Court will **GRANT** the Motion.

This is a civil action arising out of an automobile accident. The trial took place on March 13, 2023 and March 14, 2023. Mr. Yorston admitted liability prior to the trial. As such, the jury only needed to determine whether Ms. Callaghan suffered any injury because of the automobile accident. The jury found in favor of Mr. Yorston, awarding no damages to Ms. Callaghan.

Superior Court Civil Rule 59 ("Rule 59") applies here. Rule 59 provides:

> (a) Grounds. A new trial may be granted as to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trial have heretofore been granted in the Superior Court.[1]

When the motion for a new trial is not accompanied by affidavits, the opposing party may serve and file a short answer to each ground asserted in the motion.[2] The Court then determines, from

---

[1] Del. Super. Ct. Civ. R. 59(a).
[2] *Id.* at 59(b).

the motion, opposition and, if applicable, affidavits, whether: (i) a new trial should be granted or denied; or (ii) oral argument on the motion is necessary.[3]

Traditionally, the Court's power to grant a new trial has been exercised cautiously and with extreme deference to the verdicts of the jury.[4] On a motion to grant a new trial, the verdict must be manifestly and palpably against the weight of the evidence, or for some reason justice would be miscarried if the verdict were to stand.[5] The assessment of the resulting jury award is "peculiarly within the province" of the trial judge when that judge has had the opportunity to observe first-hand the proceedings before the jury.[6]

The Court "will only set aside a verdict as insufficient if it is clear that the verdict was the result of passion, prejudice, partiality, corruption, or if it is clear that the jury disregarded the evidence or law."[7] "The jury's verdict is presumed to be correct and sustainable unless it is so grossly disproportionate to the injuries suffered so as to shock the Court's conscience and sense of justice."[8] A verdict shocks the Court's conscience when "the evidence preponderates so heavily against the jury verdict that a reasonable juror could not have reached the result."[9] When "there is any margin for a reasonable difference of opinion in the matter, the Court should yield to the verdict of the jury."[10]

The accident occurred on October 28, 2018 in New Castle County. Mr. Yorston admitted liability for the accident. Almost immediately afterwards, Ms. Callaghan sought medical

---

[3] *Id.*

[4] *See Cooke v. Murphy*, 2014 WL 3764177, at *2 (Del. July 30, 2014) (citing to *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997)).

[5] *McCloskey v. McKelvey*, 174 A.2d 691, 693 (Del. Super. 1961).

[6] *Young v. Frase*, 702 A.2d 1234, 1237 (Del. 1997) (quoting *Stewart v. Genesco, Inc.*, 406 A.2d 25, 26 (Del. 1979)).

[7] *Cooke*, 2014 WL 3764177, at *2 (quoting *Littleton v. Ironside*, 2010 WL 8250830, at *1 (Del. Super. Oct. 6, 2010)).

[8] *Id.* (quoting *Maier v. Santucci*, 367 A.2d 747, 749 (Del. 1997)).

[9] *Id.* (quoting *Amalfitano v. Baker*, 794 A.2d 575, 577 (Del. 2001)).

[10] *Id.* (quoting *Young*, 702 A.2d at 1237).

treatment. In fact, Ms. Callaghan underwent an MRI on or about November 3, 2018. While liability was not at issue, the seriousness of Ms. Callaghan's injuries was sharply contested. In addition to Ms. Callaghan and one other fact witness, the parties had three medical experts testify at trial—Dr. Mark Eskander, Dr. Joel Bowers and Dr. Christian Fras. Most of the medical testimony focused on the proximate cause of Ms. Callaghan's most recent physical treatment and whether that related to the 2018 automobile accident. Immediately after the accident, Ms. Callaghan took photos of bruising to her body caused by restraining devices and that she sought treatment with her primary care doctor on October 30, 2018.

Mr. Yorston's expert, Dr. Fras, testified in his trial deposition that he was "not able to state, within a reasonable degree of medical probability that [Ms. Callaghan] sustained any injury. But if one were to theoretically assume that she did sustain an injury, then it would be a soft tissue sprain and strain."[11] Evidence from the trial showed treatment immediately after the injury (including an MRI) and then a lapse of time before Ms. Callaghan sought additional medical treatment.

The function of a damage award in a civil litigation is to provide just and full compensation to a plaintiff who suffers injury or loss by reason of the conduct of a tortfeasor.[12] Mr. Yorston's admission of liability required the jury to focus only on whether Ms. Callaghan had sustained an injury as a result of the accident and to award appropriate damages. The testimony and exhibits at trial support the conclusion that Ms. Callaghan sought and received medical treatment after the accident. These facts, and the lack of direct testimony from Dr. Fras on the immediate treatment after the October 28, 2018 accident, demonstrate that Ms. Callaghan

[11] Def. Resp. at 4.
[12] *Jardel Co. Inc. v. Hughes*, 523 A.2d 518 (Del. 1987).

suffered a compensable injury due to the accident. This means that the jury's award of no damages is inadequate and unacceptable as a matter of law.

The Court understands the arguments about additional treatment and makes no suggestion as to what a proper jury award should have been; however, once the existence of a compensable injury has been established that is causally related to the accident, a jury is required to return a verdict of at least minimal damages. While a jury has great latitude, "it cannot totally ignore facts that are uncontroverted and against which no inference lies."[13] As the trial judge, I had the opportunity to observe first-hand the proceedings before the jury. Based on that, the Court concludes that the verdict was manifestly and palpably against the weight of the evidence, and justice would be miscarried if the verdict were to stand. As such, the Court must set aside the jury verdict and grant a new trial.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial is **GRANTED**. Counsel for the parties should contact the Court for a new Trial Scheduling Order.

Dated: May 10, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:  Michele M. Subers, Esq.
     David C. Malatesta, Esq.

---

[13] *Haas v. Pendleton*, 272 A.2d 109, 110 (Del. 1970).