JAMES R. FULTZ, Plaintiff Below-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant Below-Appellee.
No. 381, 2008.
Supreme Court of Delaware.
Submitted: November 21, 2008.
Decided: January 16, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 16th day of January 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The plaintiff-appellant, James R. Fultz, filed an appeal from a July 15, 2008 Superior Court jury verdict in favor of the defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm").[1] We find no merit to the appeal. Accordingly, we AFFIRM.
(2) The record reflects that this was an uninsured motorist case filed in the Superior Court by Fultz against State Farm. The case stemmed from an automobile accident that occurred on or about November 13, 2004, in Upper Chichester Township, Delaware County, Pennsylvania, involving Fultz and another unidentified driver. Because the other driver left the accident scene and could not be identified, Fultz filed his personal injury suit directly against State Farm, his uninsured motorist insurance carrier. Trial took place in the Superior Court on July 14 and 15, 2008. State Farm contested both liability and damages. The Superior Court jury found no negligence on the part of the unidentified driver and returned a verdict in favor of State Farm.
(3) In his appeal from the jury verdict, Fultz states that he is in constant pain as a result of the accident, that he has had surgeries and is unable to work as a result of the accident, that he should not have lost the case, and that he should be compensated for his pain. Fultz makes no claim of error or abuse of discretion on the part of the Superior Court, nor has he ordered a transcript of the trial for this Court's review.
(4) "Under Delaware law, enormous deference is given to jury verdicts. In the face of any reasonable difference of opinion, courts will yield to the jury's decision."[2] In the absence of a showing of exceptional circumstances, the validity of damages determined by the jury must be presumed.[3] A jury verdict should be set aside only in the unusual circumstance where it shocks the conscience and sense of justice of the court.[4] Moreover, an appellant has the burden of providing such portions of the trial transcript as would be necessary to provide this Court with a fair and accurate account of the context in which the claim of error occurred.[5] An appellant's failure to do so precludes appellate review of his claims.[6]
(5) In the absence of any claim of exceptional circumstances, and in the absence of any record to support such a claim, we conclude that the judgment of the Superior Court must be affirmed.[7]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Fultz also appears to appeal the Superior Court's September 18, 2008 order denying his request for transcript at State expense.
[2] Brittingham v. Layfield, Del. Supr., No. 20, 2008, Ridgely, J. (Nov. 20, 2008).
[3] Id. (citing Young v. Frase, 702 A.2d 1234, 1236-37 (Del. 1997)).
[4] Young v. Frase, 702 A.2d at 1236-37.
[5] Tricoche v. State, 525 A.2d 151, 154 (Del. 1987); Supr. Ct. R. 9(e) (ii) and 14(e).
[6] Slater v. State, 606 A.2d 1334, 1337 (Del. 1992).
[7] In the absence of any abuse of discretion on the part of the Superior Court, we also affirm its order denying Fultz's request for transcript at State expense.