IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY MORABITO, | § | |
| | § | No. 101, 2024 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N21C-08-219 |
| RYAN ZIGLER, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 18, 2024
Decided: January 6, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After considering the parties' briefs and the record on appeal, it appears to the Court that:

(1) The plaintiff-below, appellant, Anthony Morabito, sued the defendant-below, appellee, Ryan Zigler, in the Superior Court for negligence, seeking damages for injuries that Morabito sustained in a three-car motor vehicle collision.

(2) In February 2024, the case proceeded to a jury trial. The undisputed evidence showed that: (i) Morabito, Zigler, and Erin Johnson were operating motor vehicles in the left northbound lane of Route 1 near Christiana Mall during the early morning hours of September 18, 2019; (ii) Morabito's car was positioned directly

behind Johnson's vehicle and directly in front of Zigler's vehicle, and (iii) the three vehicles were traveling at roughly the same speed—somewhere between 50 and 65 miles per hour—when the traffic in front of them unexpectedly slowed or came to a stop. Johnson testified that she brought her vehicle to a complete stop in response to the traffic buildup. Morabito testified that he began to apply his brakes after he saw Johnson's brake lights illuminate, but he was struck from behind by Zigler and pushed into the rear of Johnson's car. Morabito told the jury that he then drifted past Johnson's car and came to a stop on the left shoulder of the highway. Zigler's version of events differed: he testified that when he saw Morabito's vehicle swerve to the right—into the adjacent line of traffic—he "locked up" his brakes and ran into Johnson's vehicle.[1] Johnson testified that Zigler helped her out of her car, Zigler's car was the only one she saw behind her when she exited her vehicle, and she assumed Zigler was operating the vehicle that hit hers.

(3) The jury also heard testimony from the investigating police officer, Detective Michael Adkins. Detective Adkins prepared a police report in connection with his investigation. In that report, Detective Adkins documented statements made by the three drivers at the scene: (i) Johnson said that her car was struck from behind by Morabito's (not Zigler's) vehicle; (ii) Morabito said that he was slowing down and believed that he had ample time to come to a complete stop before hitting

---

[1] App. to Answering Br. at B-0483.

Johnson's car when he was struck from behind by Zigler; and (iii) Zigler said that he thought that he collided with Johnson's vehicle and did not remember hitting Morabito's vehicle. The only person who received a traffic citation as a result of Detective Adkins' investigation was Zigler, whom Detective Adkins cited for following too closely. The jury also saw photographs of the damage that each of the three vehicles sustained in the accident and heard extensive expert testimony about the medical treatment Morabito received for a neck injury that was caused (or aggravated) by the accident.

(4) At the close of the evidence, Morabito moved for a directed verdict "on the issues of both liability and whether an injury was sustained during the accident or caused by the accident."[2] The Superior Court denied the motion, finding that there were disputed issues of material fact regarding liability and the severity of Morabito's injuries. Shortly after the jury began deliberating, it asked to see Detective Adkins' police report. Citing 21 *Del. C.* § 313(b), which prohibits the introduction of an accident report as evidence in any trial arising out of an accident, the Superior Court denied the jury's request. After further deliberation, the jury awarded Morabito $25,000 in damages and found that Morabito and Zigler were each 50% at fault for the accident. In accordance with the jury's findings, the

---

[2] *Id.* at B-0516.

Superior Court entered a judgment in favor of Morabito in the amount of $12,500. Morabito appealed.

(5) On appeal, Morabito's overlapping and at times confusing arguments may be fairly summarized as follows: (i) the trial court improperly hindered the jury's ability to hear Detective Adkins' testimony and review his accident report; (ii) Morabito should have been allowed to testify as an accident-reconstruction expert witness; (iii) the jury verdict form was defective; (iv) the evidence did not support Zigler's version of events, and the trial court erred by denying Morabito's motion for a directed verdict; and (v) the jury instructions were deficient.[3] After careful review, we affirm the Superior Court's judgment.

(6) As a preliminary matter, we note that Morabito did not provide the Court with the trial transcript for the Court's review. An appellant has the burden of providing "such portions of the trial transcript as would be necessary to provide this Court with a fair and accurate account of the context in which the claim[s] of error occurred."[4] Ordinarily, an appellant's failure to do so would preclude appellate

---

[3] Morabito also asserts claims of professional misconduct against defense counsel and his own attorney. These arguments are outside the scope of this appeal. Moreover, it is clear from Morabito's submissions that he has reported, or intends to report, the alleged misconduct to the Office of Disciplinary Counsel, the entity responsible for investigating allegations of professional misconduct.

[4] *Fultz v. State Farm Mut. Auto. Ins. Co.*, 966 A.2d 347, 2009 WL 189143, at *1 (Del. Jan. 16, 2009) (TABLE).

review of his claims.[5] Here, however, the Court is able to review Morabito's claims because Zigler provided a copy of the trial transcript to the Court.

(7) The record reflects that toward the end of Morabito's attorney's re-direct examination of Detective Adkins, the courthouse fire alarm sounded. Morabito claims that Detective Adkins' testimony was cut short by the need to evacuate the courthouse. Morabito also argues that the jury should have been permitted to review Detective Adkins' police report and that the Superior Court should have "read back" Detective Adkins' testimony to the jury. The gist of Morabito's claims regarding Detective Adkins' testimony and police report is that the jury should have heard that Zigler was speeding at the time of the accident. We review Morabito's claims regarding this point for plain error because they were not raised below.[6]

(8) Plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[7] There is no such error here. First, it is clear from the record that Morabito had ample opportunity to elicit from Detective Adkins any evidence that Morabito deemed necessary to support his negligence claim against Zigler, including the fact that Detective Adkins issued

---

[5] *Id.*

[6] Del. Supr. Ct. R. 8.

[7] *Baker v. State*, 906 A.2d 139, 150 (Del. 2006) (internal quotation marks and citation omitted).

5

Zigler a traffic citation for following too closely. Moreover, the trial transcript reflects that the Superior Court asked counsel if he had any additional questions for Detective Adkins before evacuating the courtroom, and it is clear that counsel indicated to the court that he had completed his re-direct examination.[8] Second, the trial court properly refused to let the jury review Detective Adkins' police report.[9] Third, it was not plain error for the Superior Court to fail to, *sua sponte*, read back Detective Adkins' testimony to the jury—indeed, it would have been improper for the Superior Court to have done so.

(9) Morabito next argues that the trial court should have permitted him to testify as an accident-reconstruction expert witness. Consistent with the trial scheduling order in this case, the trial court gave the parties a deadline by which they were to identify any expert witnesses and produce expert reports. Absent good cause, the parties are bound by the deadlines contained in the scheduling order.[10] At no time during the pretrial proceedings (either before or after the deadline set by the

---

[8] "THE COURT: …. That is not the alarm for the day. How many more questions do you have? That is pretty much it? So this is a fire alarm. We do not need to come back. …" App. to Answering Br. at B-0270.

[9] 21 Del. C. § 313(b) ("[A]ccident reports and any data or statistics derived from an accident report … are solely for the information of the Department of Safety and Homeland Security and the Department of Transportation…. The fact that an accident report has been made is admissible in evidence solely to prove compliance with this section but no accident report or any part or statement contained in a report is admissible in evidence for any other purpose in any trial, civil or criminal, arising out of an accident.").

[10] *See* App. to Answering Br. at B0015-B0017 (trial scheduling order).

6

court) did Morabito identify (or attempt to identify) himself as an expert witness in accident reconstruction. Absent plain error, which we do not find, Morabito's failure to raise this issue below bars its review on appeal.

(10) Morabito makes several arguments about the jury-verdict form. The record reflects that the verdict form was incorrectly captioned and listed "Adam Yorston" as the defendant instead of Zigler. Morabito first claims that this error requires reversal, presumably because he believes that the jury was confused by it. Morabito also posits that the verdict form improperly listed his name as a potential contributor to the accident when there was "no evidence" that he was negligent. Third, Morabito argues that Johnson was improperly omitted from the form as a possible contributor to the accident. We review these claims for plain error because they were not raised below.

(11) Again, there is no plain error here. First, the jury itself noticed that the verdict sheet was incorrectly captioned and pointed the error out to the court[11]—clear evidence that it was not confused by the error. Second, despite Morabito's protestation to the contrary, evidence had been introduced to support a finding that his negligence contributed to the accident, and the jury, as the trier of fact, was free to credit Zigler's testimony over Morabito's or to reconcile any inconsistencies in testimony as it saw fit. Third, Morabito never claimed that Johnson was negligent

---

[11] *Id.* at B-0636.

(nor was any evidence introduced to support such a finding). It follows that there was no reason for her name to be included on the verdict form.

(12) Morabito next argues that the Superior Court erred by denying his motion for a directed verdict. We review the Superior Court's decision on a motion for a directed verdict to determine "whether the evidence and all reasonable inferences that can be drawn therefrom, taken in a light most favorable to the nonmoving party, raise an issue of material fact for consideration by the jury."[12] Having reviewed the trial transcript and trial exhibits, we agree with the Superior Court that the evidence did not support the entry of a directed verdict in Morabito's favor. Morabito's belief that there was "no evidence" to support Zigler's version of events is simply incorrect.

(13) Finally, Morabito argues that the jury instructions were somehow deficient. His claims regarding the jury instructions overlap with several of the claims addressed and rejected above. To the extent that Morabito raises a separate argument, it is meritless: the jury instructions gave a "correct statement of the substance of the law and [were] reasonably informative and not misleading when read as a whole."[13]

---

[12] *Estate of Eller v. Bartron*, 31 A.3d 895, 897 (Del. 2011) (internal quotation marks and citations omitted).

[13] *Express Scripts, Inc. v. Bracket Holdings Corp.*, 248 A.3d 824, 829 (Del. 2021) (internal quotation marks and citation omitted).

8

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice